## JOHN W. CHICKERING *et al.*

### *v.*

### ALEXANDER N. FULLERTON.

1. BURNT RECORDS — *extent of restoration required.* Where the files and papers in a suit to foreclose a mortgage are destroyed by fire, it will be a sufficient restoration of the files if the complainant restores his bill as to all the defendants who were made parties, and the only defendants objecting re-file their answers. It is not necessary to restore papers as to persons admitted to defend as purchasers from the mortgagor *pendente lite,* if they are allowed to present their rights by a supplemental and cross-bill.

2. PARTIES—*purchasers pendente lite.* Where persons acquire an interest in mortgaged premises from the mortgagor after bill filed to foreclose the mortgage, there is no error in refusing to allow them to be made parties defendant to the bill to foreclose, as they can as well defend in the name of their grantor as in their own.

3. PLEADING AND EVIDENCE—*admissions in answer obviating necessity of proof.* Where the answers of defendants to a bill to foreclose a mortgage admit the execution and assignment of the mortgage which is destroyed, they can not be heard to complain that the contents of the mortgage and assignment are not sufficiently proved.

4. MORTGAGE—*what interest may be mortgaged.* Where a party acquires the legal title to lots from one who had previously made contracts for their sale and conveyance, together with an assignment of the contracts, he has such an interest in the lots as may be the subject of bargain and sale or transfer by mortgage. In such case he does not hold the title in trust for the purchasers.

5. Where a party takes a deed to real estate subject to rights of others under a prior purchase, and gives a mortgage thereon to his grantor, the lat-

ter may foreclose the same, and cut off whatever rights the mortgagor acquired by his deed from the mortgagee.

6.   Where A purchased a number of lots under a contract for a conveyance upon payment of the price, and sold the same to various other persons, giving agreements for deeds to them on payment of the purchase money, after which he turned over such contracts to the original vendor, taking up his own obligations and cancelling his agreement, and such original vendor transferred the contracts to B, and conveyed him the legal title, and B, in the same manner, transferred and conveyed to C, who gave back to B a mortgage on his interest in the lots, it was *held,* that the mortgage was inoperative as to the purchasers from A, who had fully paid for their lots.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Mr. S. M. MILLIARD, and Mr. M. BLANCHARD, for the plaintiffs in error.

Messrs. HUTCHINSON & LUFF, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to foreclose a mortgage made by John W. Chickering and B. F. James to William A. Shephard, on thirty lots, to secure the purchase money, evidenced by eight notes, dated November 12, 1855, seven of which were for the sum of $600 each, falling due in from six to forty-two months thereafter, and one for $1800, due in four years, with interest. It seems the lots embraced in the mortgage had been owned by Charles D. Gibson, who contracted to sell them to William B. Horner and Julius Crone, and covenanted to make them a deed for the same on making the payments of the purchase money, as specified in the agreement.   The agreement between the parties was duly recorded in the county where the property is situated.   While Horner and Crone claimed to be the owners of the lots under their contract with Gibson, they sold all the lots embraced in the mortgage to divers persons, and executed to them agreements in writing, by which they bound themselves to convey the property on the payment to them of the purchase money.   Afterwards, Horner and Crone assigned

to Gibson all the contracts they had taken from purchasers of lots, and cancelled the agreement with him, thereby leaving Gibson again the owner of the property, subject to the rights of parties with whom Horner and Crone had made contracts. Gibson subsequently assigned the contracts so taken of purchasers of lots to William A. Shephard, and by deed conveyed to him whatever interest he had in the property. Shephard afterwards assigned the same contracts to Chickering and James, and by deed conveyed all his interest in the property to them, and to secure the purchase money they executed and delivered to Shephard the mortgage now sought to be foreclosed, covering the lots in controversy by appropriate description. Shephard assigned a part of the notes described in the mortgage to Alexander N. Fullerton, who brought his bill, in 1866, to foreclose the same. Answers to the original bill had been filed and some testimony taken, but before the cause was heard all the files of the cause were destroyed by fire, in 1871. Under the statute, complainant restored his bill by filing a substantial copy, making Chickering and James, with numerous purchasers of lots, defendants.

On the 7th of April, 1873, Marvin Blanchard and S. M. Milliard filed their petition in the cause, in which they allege they purchased, *pendente lite,* of the mortgagors, Chickering and James, twelve of the lots covered by the mortgage, and that on their petition, prior to the destruction of the records, they had, by order of court, been made parties to the original bill, and asked to be again made parties defendant, that they might defend in their own names, or that they might have leave to file a supplemental bill. The court refused to make Blanchard and Milliard defendants to the bill, but granted them leave to file a supplemental and cross-bill, which was done. It sets out the main facts in complainant's bill, and that since the filing of the original bill they (Blanchard and Milliard) have purchased a portion of the property described in the mortgage, and have received conveyances therefor from the mortgagors, and aver they are necessary parties, and pray

for leave to be made parties and for leave to answer. A demurrer interposed to the supplemental bill was sustained.

An objection is urged, that the files of the cause destroyed by fire have not been sufficiently restored. It is not denied that complainant restored his original bill as to all defendants, unless Blanchard and Milliard were parties, which is controverted. The answers of Chickering and James were re-filed by them, and that is a sufficient restoration of the files, so far as they are concerned, and they are the only parties assigning errors on this record, except Blanchard and Milliard, whose application in the court below to become defendants was denied. Whether Blanchard and Milliard were admitted as defendants in the court below or not, is not a question of any real importance, nor is it at all material. Whatever interest they have in the property was acquired *pendente lite*, and they could as well defend in the names of their grantors, which they were permitted to do, as in their own names. The petition to be made defendants was, therefore, properly denied. *Lunt* v. *Stephens*, 75 Ill. 507.

Both the original mortgage and the assignment to complainant having been in the same fire that destroyed the other files, it was not possible to read accurately the contents, but the oral testimony was sufficient to show the charred remains were the original mortgage and assignment described in the bill. Besides, the answers of the mortgagors admit the execution of the mortgage and assignment, as alleged, and there can, therefore, be no just complaint the contents of the mortgage and assignment were not proven.

That interest which Chickering and James had in the property itself, they acquired by deed from Shephard. It is the same that Blanchard and Milliard claim to have bought in a portion of the lots from the mortgagors. It was such an interest that could be the subject of bargain and sale, being the fee of the estate, subject to the rights of other parties previously acquired. It is conceded the mortgagors acquired the legal title to the lots, but it is said it was in trust, as we understand

the argument, for the benefit of the purchasers from Horner and Crone, and to be conveyed to them on payment of the purchase money. It is a misapprehension to suppose there was any trust imposed. It was simply a transfer of the legal title, subject to incumbrances resting upon the property, no matter how created. What incumbrance then rested upon the legal title to the property, could not, then, be certainly known. It might or it might not defeat the legal title. As we have seen, the interest Chickering and James had in the property they acquired by deed from Shephard, and as they could reconvey it to their grantor, no reason is perceived why the mortgage deed may not be foreclosed so as to cut off whatever interest the mortgagors, and those claiming under them, had in the property, whatever it was. On what principle of equity could the mortgagors ask to be permitted to retain that title, whether good or bad, whether subject to be defeated in their hands or not, which they had acquired from the mortgagee? Certainly, they ought to pay for or surrender that which they received from their grantor.

It is proved that all the lots except those bought by Blanchard and Milliard had been fully paid for, so that all the title of both the mortgagors and mortgagee had passed to the purchasers, under the contracts with Horner and Crone, which, it is conceded on all hands, were prior to the mortgage. As to them, the mortgage was inoperative, and the bill was properly dismissed. But that is not the case as to the remaining twelve lots. The fee in them had not passed, and as to them the mortgage was rightfully foreclosed.

No error appearing in the record, the decree will be affirmed.

*Decree affirmed.*