WHITING G. PRESS, Trustee,

*v.*

GEORGE WOODLEY *et al.*

*Filed at Ottawa March 28, 1896.*

160   433
68a   445

160   433
173   164

160   433
186  ²212
89a   489

160   433
197  ²311

1. APPEALS AND ERRORS—*when trustee cannot appeal for beneficiaries.* A trustee in a deed of trust to secure a loan cannot appeal from a decree as to findings prejudicial to the owner of the note secured by the deed of trust, where the latter has been made a party to the suit and the trustee does not stand in his place upon the record.

2. SAME—*assignment of errors not affecting appellant—affirmance.* An appeal by a trustee, in which the errors assigned affect only the beneficiaries, who, though parties to the suit, have not appealed, should not be dismissed on the ground that the trustee has no appealable interest, but the judgment should be affirmed on the ground that the assignment of errors does not call in question the correctness of any ruling affecting the appealing trustee.

*Press* v. *Woodley*, 57 Ill. App. 123, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

JOHN W. SMITH, (E. M. ASHCRAFT, of counsel,) for appellant.

FRANCIS T. MURPHY, PEASE & MCEWEN, LANE & REASER, SMITH, HELMER & MOULTON, and W. H. SAFFORD, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding by bill or petition brought by appellee Woodley, on the chancery side of the Cook county circuit court, to enforce a mechanic's lien upon certain premises owned by Mrs. Cobb, for work and materials furnished in the building of a house. The owner and other lienholders were made defendants. Cross-petitions were filed by certain of the defendants claiming similar liens. There were two deeds of trust given by

160—28

the owner upon the premises to secure borrowed money. The first of these had been made to defendant Head for $2000. Head filed his cross-bill to foreclose his deed of trust. There was no dispute as to his claim or its priority. But a second deed of trust had been given to appellant, Press, as trustee, to secure a note for $15,000, payable to the order of the maker, Mrs. Cobb, and by her endorsed in blank and delivered to Press. Press answered as trustee and owner of the note, setting up his mortgage lien, and on the same day Head amended his cross-bill, making the Lemont State Bank and the Calumet State Bank parties defendant to his cross-bill, it appearing that they were the owners of the note secured by the trust deed to Press. Issues were made and the cause was referred to the master to take and report the evidence, with his conclusions, to the court. Press filed exceptions to the master's report, which were in part sustained and in part overruled. The court thereupon rendered its final decree settling the respective claims of the parties and questions of priority between them, ordering the sale of the premises, and the payment and distribution of the proceeds to the parties as they were found by the decree to be entitled. As the principal questions raised and discussed by counsel cannot be determined on this appeal, it is unnecessary to set out with any detail the findings of the trial court in its decree. Press, trustee, alone appeals, and the Appellate Court having affirmed the decree, he brings the record to this court by his further appeal.

Motions by appellees to dismiss the appeal, or to affirm, were made in the Appellate Court and are also made in this court. These motions were reserved to the final hearing. The principal ground of these motions is, that Press is in no way, either individually or as trustee, affected by the decree, and that the errors assigned and relied upon by him do not concern him, but affect only other parties who have not appealed and who are not complaining of the action of the courts below.

In its decree the trial court, among others, made the following finding: "And the court further finds that the notes secured by the trust deed from the defendant Imogene L. Hanchett Cobb to the defendant Whiting G. Press, trustee, dated March 14, 1892, and recorded in the recorder's office of Cook county as document No. 1,627,190, on the 14th day of March, A. D. 1892, in book 3735 of records, on page 132, are held and owned by the defendants the Lemont State Bank and the Calumet State Bank, and that there is due to the defendants the Lemont State Bank and the Calumet State Bank, from the defendant Imogene L. Hanchett Cobb, upon the notes and trust deeds sued upon and set forth in the answer of Whiting G. Press, herein and by them adopted and as for their own answer, the sum of $16,578.55, for which amount the said defendant banks are entitled to a lien upon the premises." The decree also directs that Mrs. Cobb pay to those banks the sum so found due them, but makes no finding for or against Press,—not even as to costs. Press, however, was made defendant by appellees, and, being invested with the legal title to the property, was a necessary party. Besides, it appeared that at the commencement of the proceedings he claimed to own the note secured by the deed of trust. The decree, however, found that the note belonged to the two banks, and the property was ordered to be sold by the master, and its effect was to practically terminate any interest Press had. If the court erred in finding the note belonged to the banks and in ordering the money paid to them instead of to him, or in failing to protect any interest which may have belonged to him by virtue of the note or deed of trust, or by virtue of any disbursements made or liability incurred under the provisions of the deed of trust, he would clearly have the right to have such errors corrected on appeal. But Press has not assigned for error in this court the decision of the court below on any question in which he had any interest. He does not, under errors

assigned, even claim that the note belonged to him, or that he was entitled to anything under the deed of trust, or that his interests have been affected by the decree in any way. He is doubtless satisfied with the decree in these respects. He simply attacks, as trustee, the findings in the decree in so far as they are alleged to be prejudicial to the owner of the note and deed of trust securing it. In other words, he prosecutes the appeal in his own name, but for the banks. The contention of his counsel is, that he has the right, as trustee and on behalf of the owners of the note, to prosecute the appeal, and our attention is called to *Hassall* v. *Wilcox*, 115 U. S. 598, and other cases, as supporting their contention. There is a material difference between the *Hassall case* and the case at bar. Hassall, as trustee, came in, by agreement and by leave of court, as the trustee of the bondholders. In denying the motion to dismiss the appeal, urged on the ground that Hassall, as trustee, had no interest in the decree, the court, among other things, said: "Hassall stands in the place of the bondholders on the record. Hence it is his duty to do for the bondholders what they would do for themselves if they were parties instead of himself. His appeal is, therefore, their appeal, and is to be treated as such." In the case at bar the two banks owning the note were made parties and answered in the cause, and the decree, ignoring the trustee, adjudged that the note belonged to them and that they should receive payment. Had they not been made parties, and had Press been allowed by the parties and the court to stand in their place, upon the record and in the final decree, as their trustee, a parallel could be perceived between the two cases. Counsel refer also to and quote from *Harms* v. *McCormick*, 132 Ill. 104; but that was an action at law, and it is familiar doctrine that at law the owner of the legal title must sue, while in equity the party in whom is the beneficial interest must sue in his own name. (*Frye* v. *Bank of Illinois*, 5 Gilm. 332; *Elder* v. *Jones*, 85 Ill.

384; *Smith* v. *Brittenham,* 109 id. 540; *Wolverton* v. *Taylor &
Co.* 157 id. 485.) It has also been repeatedly held that a
party cannot assign for error that which does not affect
him, but is prejudicial only to others who do not com-
plain. *Hesing* v. *Attorney General,* 104 Ill. 292; *Henrickson*
v. *Van Winkle,* 21 id. 273; *Horner* v. *Zimmerman,* 45 id. 14;
*City of Chicago* v. *Cameron,* 120 id. 447; *Richards* v. *Greene,*
78 id. 525; *Greenman* v. *Harvey,* 53 id. 386; *Robinson* v. *Brown,*
82 id. 279; *Willemin* v. *Dunn,* 93 id. 511; *Grand Tower, etc.
Co.* v. *Cady,* 96 id. 430; *Ransom* v. *Henderson,* 114 id. 528;
*Lagger* v. *Mutual Union Loan and Building Ass.* 146 id. 283.

We cannot consider whether or not error has been
committed against the appellant, for the reason he has
assigned no error in that regard, and as was said by the
Appellate Court, it will be time enough to determine
whether or not error has been committed against the
banks when they come and make complaint.

We shall not consider the question discussed by coun-
sel as to whether the appeal, as taken by appellant, was
on his own behalf or as trustee. He had the right to ap-
peal from the decree, but for himself only. The appeal
should not, therefore, be dismissed on the ground that
appellant had no appealable interest. Nor should it be
dismissed for non-compliance with rule 15 of this court,
requiring him to assign error on the record here, as was
done in *Ditch* v. *Sennott,* 116 Ill. 288, and in cases there
cited, for he has assigned errors on the record. But the
judgment of the Appellate Court affirming the decree
must be affirmed for the reason that the assignment of
errors does not call in question the correctness of any
ruling of the court below affecting appellant.

It does not appear that there was any inadvertence
or mistake in the assignment of errors, for counsel do
not, as we understand the argument, insist that any error
was committed by the trial court against appellant in
any other capacity than as trustee for the two banks.

*Judgment affirmed.*