WILLIAM J. MOORE

*v.*

ANSON B. JENKS.

*Opinion filed April 21, 1898—Rehearing denied June 10, 1898.*

1. PARTIES—*interests of purchaser pendente lite are represented by his vendor.* While a vendee or assignee *pendente lite* may not be a necessary party to the proceeding, yet his interests are represented by his vendor or assignor who is a party.

2. SAME—*assignor pendente lite may appeal in interest of assignee.* The purchaser of a certificate of sale on execution who is made a defendant in foreclosure proceedings, and who assigns the certificate *pendente lite,* may prosecute an appeal from the final decree as the representative of the assignee, where the court has refused to substitute the latter as a party.

3. JUDICIAL SALES—*effect of selling property for more than is due on execution.* An execution sale is not invalid because the property is sold for more than is at the time due upon the execution, where it is not done in fraud of the judgment debtor, but through the fact that the judgment creditor failed to credit a payment upon the execution which he was not aware had been made.

*Moore* v. *Jenks,* 68 Ill. App. 445, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

This is a bill, filed May 10, 1894, by Adele E. Flint against Jennie F. Winn and others, to foreclose a trust deed, executed by Jennie F. Winn to John J. Knickerbocker, trustee, to secure a note for $10,000.00 upon lots 6, 7 and 8 in block 14 in Egandale in Cook county. Certain persons, holding trust deeds and judgments subsequent and subject to the trust deed owned by Adele E. Flint, were made defendants to the foreclosure bill. The trustees in the trust deeds were also made defendants. Default was entered against Jennie F. Winn, the mortgagor, and two other parties whose interests are not in controversy here. Answers were filed by the parties holding

subsequent liens; and a cross-bill was filed by the holder of one of the subsequent encumbrances, to which cross-bill answers were filed.

The original and cross-causes being at issue by the filing of replications, a reference was taken to a master in chancery to take proofs and report the same to the court, with his opinion on the law and evidence. He took testimony, and made a report, to which objections and exceptions were filed. The cause coming on to be heard upon the exceptions, the court entered a decree of sale under the original bill of foreclosure, and reserved for future consideration the questions of law and fact, involved in the issues upon the cross-bill and the answers thereto. After the sale under the original bill, leave was given to the complainant in the cross-bill to file an amendment to his cross-bill. Answer was filed to the cross-bill as amended, and without making any reference, or taking any evidence upon the issues made by the amended cross-bill, the court below rendered a decree upon the cross-bill in favor of the complainant therein. An appeal was taken from the latter decree to the Appellate Court, which decree has been affirmed by the Appellate Court. The present appeal is prosecuted from such judgment of affirmance entered by the Appellate Court.

As the facts are somewhat complicated, and the dates of the various proceedings in the original and cross-causes are material, a more detailed statement of the facts is necessary, in order to understand the questions involved.

The trust deed to Knickerbocker, sought to be foreclosed by the original bill, was dated November 1, 1892, and recorded on or about the same day. It is admitted by all parties, that this trust deed was a prior lien upon the lots in question, and entitled to preference over all the other lienholders and encumbrancers. On November 26, 1892, the mortgagor, Jennie F. Winn, made a trust

deed of that date upon the same property to Anson B. Jenks to secure a note for $3500.00. The Jenks trust deed for $3500.00 was recorded on the day of its date, and is second in priority to the Flint trust deed, as is conceded by all the parties. On December 23, 1892, a judgment by confession was entered up in favor of the appellant, William J. Moore, against the mortgagor, Jennie F. Winn, in the circuit court of Cook county for $3151.35 and costs; execution was issued upon said judgment on December 24, 1892, and delivered to the sheriff, and levied upon the property in question; on August 1, 1893, the sheriff sold the property under the appellant's execution to him for $3156.75 and issued a certificate of purchase to him. William J. Moore sets up his judgment, execution, sale, etc., in his answer to the original bill, and urges that he is the legal holder of the certificate thereon, and that he would be entitled to a sheriff's deed on November 2, 1894, unless redemption should be made from said sheriff's sale. March 15, 1894, Jennie F. Winn conveyed the lots in question by trust deed to secure to Morgan & Wright the sum of $1493.34.

On May 12, 1893, the mortgagor, Mrs. Winn, executed her promissory note for $2000.00 and a trust deed to secure the same upon the said lots, which trust deed was recorded on or about May 15, 1893, and is owned by the appellee, Anson B. Jenks. In his answer to the original bill, Jenks alleged that Moore's judgment for $3151.35 had been paid, and was no charge on the lots, and that the execution and sale thereunder were void. On July 11, 1894, appellee filed a cross-bill, setting up his two trust deeds, one for $3500.00 and one for $2000.00 above described, and asking for a foreclosure of the same, charging also in his cross-bill, that the amount of the appellant's judgment, before the entering up thereof, had been paid by Mrs. Winn and satisfied, either in whole or in part; that Moore fraudulently claimed to have a valid and subsisting lien under said judgment next to the lien

of the Flint trust deed and of the Jenks trust deed for $3500.00. The cross-bill alleges, that the lien of the trust deed to secure $2000.00 made on May 12, 1893, was a lien upon said premises next after the lien of the $10,000.00 trust deed and of the $3500.00 trust deed, upon the alleged ground that the pretended lien of the appellant's judgment was void.

The reference to the master was taken on September 13, 1894, and the taking of testimony began on October 6, 1894, and was completed on October 19, 1894. The master's report was dated October 27, 1894, and filed October 29, 1894. On October 18, 1894, appellant filed an answer to the cross-bill, denying the allegations that the judgment had been paid, and alleging that the only payment that had been made was one of $150.00, which had been made after the entry of the judgment, and had been credited thereon, and endorsed on the execution. Testimony was taken before the master as to the alleged payments, claimed to have been made both before and after entry of the judgment. The appellee appeared at the taking of testimony before the master. On October 10, 1894, while testimony was being taken before the master, a motion was made by Mrs. Winn before one of the judges of the circuit court on the common law side thereof, supported by affidavits, to vacate and set aside said judgment by confession. After hearing had, this motion was denied. A certified copy of the motion, and of the affidavits in support thereof, and of the judgment denying the motion, were introduced in evidence before the master.

The master's report sustained the validity of the appellant's judgment, and of the execution thereon, and of the sale thereunder. The report found, that the complainant, Flint, was entitled to a first lien; that Jenks' trust deed for $3500.00, dated November 26, 1892, was second in order to the Flint lien; that appellant's judgment was the third lien in order; that the appellant had become the owner of the equity of redemption under the

judgment sale, subject to the $10,000.00 and $3500.00 trust
deeds; that the lien of the appellee under his trust deed ·
for $2000.00, dated May 12, 1893, was the fourth in order
of the liens, and was subject to the judgment of appel-
lant.    The master discusses in the report the evidence
in relation to the alleged payments before and after
judgment.

On October 30, 1894, just before the expiration of the
fifteen months, allowed for redemption from the Moore
judgment, the appellee obtained an order, restraining the
sheriff from issuing and the appellant from receiving a
deed under said judgment, until the further order of the
court.    Thereafter on November 30, 1894, the court en-
tered a decree of sale under the original bill to foreclose
the Flint trust deed, the amount due on October 26, 1894,
being $10,923.40.    No objection was made to the entry of
this decree of sale or to the proceedings taken thereunder
by any of the parties.    On January 21, 1895, in pursuance
of said decree, the master sold the lots to George G.
Newberry for $16,000.00, and on January 25, 1895, made a
report of sale and distribution, setting forth that he had
paid off the amount due the complainant in the original
bill, and had a balance in his hands of $4220.64.    He also
reported that he had executed and delivered to the pur-
chaser, Newberry, a certificate of sale as directed by the
decree.    Under the order of court the master paid to the
appellee $3903.44, being the amount due upon the $3500.00
trust deed, with interest and costs, and had left in his
hands a surplus of $317.20.    The time of redemption from
the sale for the judgment debtor, Mrs. Winn, expired on
January 21, 1896.    Some time before that day the appel-
lant assigned the sheriff's certificate of sale, which he
had received upon the sale under his judgment, to Mor-
gan & Wright.    On January 21, 1896, Morgan & Wright
assigned said sheriff's certificate of sale to one George
Woodland.

173—11

·   Substantially nothing was done in the cause after the sale aforesaid until April 16, 1896. At this time a hearing was had upon the issues made by appellee's cross-bill and appellant's answer thereto. At the hearing on the day last named, the court permitted appellee to file an amendment to his cross-bill. In this amendment appellee charged that $1000.00 had been paid to the appellant upon the note, upon which appellant's judgment by confession had been entered, before the entry of said judgment, and that $300.00 had been paid by the judgment debtor, Mrs. Winn, after the execution had gone into the hands of the sheriff, and before the sale thereunder. The amendment charges that, on account of these payments, the sale under the judgment was absolutely void and of no effect as against the appellee; that the entry of said judgment, and the issuing of the execution thereon, and the making of the sale thereunder for a larger amount than was due to the appellant, was a fraud upon the appellee, and that the certificate of purchase ought to be set aside, surrendered and canceled, or the appellee allowed to redeem therefrom; and that the appellant has no right to claim any lien upon, or interest in, said premises by virtue of said judgment, execution or sale. The amendment to the cross-bill prays for leave to redeem from the sale under the judgment.

On April 27, 1896, appellant filed a motion to have Woodland, who was alleged to have become the owner of the sheriff's certificate of sale, substituted as defendant in his place. On the same day appellant filed an answer to the amended cross-bill, and moved to re-refer the cross-bill, as amended, to the master to take proofs. The motions to re-refer the cause, and to substitute Woodland as defendant, were denied. In his answer to the amended cross-bill appellant denies the allegations thereof, and sets up the assignment of his certificate of sale on October 27, 1894, to Morgan & Wright, and the assignment thereof on January 21, 1896, by Morgan & Wright to Wood-

land, and further alleges that Woodland is now the owner of said certificate, and that appellant has no longer any interest in the property, or the proceedings thereon. The answer further prays, that Woodland be substituted as cross-defendant in the place of appellant. On June 13, 1896, appellant made a further motion, supported by a petition of George Woodland, for the substitution of said Woodland for the appellant as defendant to the cross-bill; in said petition Woodland sets up the assignment of the certificate to him, and further alleges that, on January 21, 1896, he had redeemed from the sale under the Flint decree, theretofore entered, and paid $17,453.24, and that a certificate of redemption had been issued to him. The court denied the motion, and the prayer of the petition, and refused to admit Woodland to become a party to the proceeding.

On June 18, 1896, the court entered a final decree upon the issues made by the cross-bill, as originally filed and as amended, and by the answers of the appellant to said cross-bill. In this decree the court found, that the judgment was not void or voidable by reason of any payment made upon the indebtedness, thereby represented, before the judgment was entered. The court, however, found that, while the execution on said judgment was in the sheriff's hands, and before the sale, one Charles B. Moore, as agent and attorney for appellant, had collected $300.00 on a collateral security to the judgment note, and that at least $170.00 of that amount was chargeable to appellant and should have been applied by appellant on the execution and endorsed thereon, but that the same was not so endorsed and applied; that the sale under the execution was made for at least $170.00 more than was due from Mrs. Winn upon the execution, and that, Moore being the purchaser, the sale was voidable as to appellee, and should be set aside. The decree makes the following recital: "And said Anson B. Jenks, bringing now into court, and tendering to the holder of said sheriff's sale

certificate the sum of $3912.00, being (less the sum of $170.00) the amount of such sheriff's sale with interest at eight per cent per annum," it was thereby ordered, that the sale under the execution to Moore be set aside and vacated, and that the certificate thereon be surrendered and canceled with the same effect, as though redemption from said sale had been made under the statute, and that all persons, claiming under appellant by virtue of any assignment of the certificate, or otherwise, or by virtue of any deed in pursuance of the certificate, were thereby enjoined from taking out, or permitting to be taken out, any deed to said lots. It was also ordered, that said sum of $3912.00 should be a further charge and lien in favor of the appellee upon said premises, in addition to the lien for the sum secured by the principal note for $2000.00.

Dow, WALKER & WALKER, for appellant.

W. D. LAUNDER, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—The appellee makes a motion in this court to dismiss the appeal of the appellant from the judgment of the Appellate Court. The reason, urged in support of this motion, is, that the appellant admitted in his answer to the cross-bill, that whatever interest he had in the certificate of sale, issued upon the execution sale, had been assigned to other parties, and that, by reason of such assignment, he had no interest in the premises described in the pleadings. In support of this contention, the well known rule is invoked, that a party cannot assign as error that which does not affect him or his rights, but is prejudicial only to others who do not complain. (*Press* v. *Woodley*, 160 Ill. 433). The rule in question does not apply to the present case. Whatever assignment or transfer appellant made of his interest in the lots was

made *pendente lite.* Those, who purchased the certificate
of sale from him, were purchasers *pendente lite.* If the
court ruled correctly in refusing to allow Woodland to
be substituted as a defendant for the appellant, it must
have been upon the ground that he purchased his interest
*pendente lite.* The law is, that the final decision of the
court will be binding, not only on the parties litigant,
but also on those who derive title under them by aliena-
tions made pending the suit. (*Norris* v. *Ile*, 152 Ill. 190).
It is apparent, that Woodland, holding by assignment
from the appellant, has important rights here at stake.
The decree sets aside the certificate of sale, of which
he is the owner, and the sale in pursuance of which he
obtained that certificate. If it be true that he has paid
$17,453.24 to redeem from the sale, made under the de-
cree of sale entered upon the original bill, his interest in
the present decree is of great moment to him. His right
to redeem from the sale, made under the Flint trust deed,
depends upon the validity of the title, obtained by him
under the judgment against Mrs. Winn. We pass no
opinion upon the question, whether or not the court ruled
correctly in refusing to allow Woodland to be made a
party defendant in pursuance of his motion and petition;
but, it being apparent that the decree entered by the
court under the cross-bill seriously affects his rights,
then, if the appellant cannot take an appeal, the decree
cannot be reviewed in so far as it affects Woodland's in-
terests, because Woodland is not a party to the proceed-
ing. It is well settled, that, while a grantee or vendee
or assignee *pendente lite* may not be a necessary party to
the proceeding, yet his interests are represented by the
vendor or grantor or assignor, who is a defendant to the
proceeding. Thus, in *Norris* v. *Ile, supra,* we said: The
purchaser *pendente lite* "is not a necessary party, because
his vendor or grantor continues as the representative
of his interests, and the plaintiff or complainant may
ignore his purchase and proceed to final decree against

the original parties." It follows that, under the circumstances of this case, appellant has a right to appeal as the representative of those holding under him, who are not parties to the suit. It would be a gross injustice to hold, that a purchaser *pendente lite* is not a necessary party to a proceeding, and yet to hold that he has no right to appeal, or right of review by writ of error, through the defendant under whom he holds. The decree here was entered against the appellant, and he was thereby subjected to costs. The appellant is the only one, who can properly prosecute and maintain this appeal under the ruling of the court below, refusing to allow his assignee to be made a party. The motion to dismiss the appeal is accordingly denied.

*Second*—The sole ground, upon which the decree of the court below sets aside the sale under appellant's judgment, is, that, after the judgment was rendered, an agent or attorney of appellant collected $170.00 out of a note or judgment, held as collateral security to the note upon which the judgment by confession here in controversy was entered, and that appellant did not see to it before the sale that the sum of $170.00 so collected was credited upon the execution. A mortgage sale or an execution sale is not necessarily invalid, because the property is sold for more than is in fact due. It depends upon the question whether the withholding of the credit on the mortgage or execution is done in fraud of the rights of the mortgagor or judgment debtor. (*Millard* v. *Truax,* 50 Mich. 343.) The excessive claim is a circumstance only of more or less importance according to its magnitude or apparent want of good faith, if an attempt is made afterwards to redeem from the sale. If there is no want of good faith in the failure to make the credit, the judgment or mortgage debtor may bring suit against the plaintiff in judgment, and recover the amount of the excess. It has been said: "A party has no right to a hearing after judgment except for causes which touch the honesty and

justice of the cause." (1 Black on Judgments, sec. 352.) It then becomes necessary to look into the facts in regard to the credit, to see if there was any fraud or want of good faith in the failure to credit the $170.00 on the execution. The judgment by confession was entered up upon a judgment note against Jennie F. Winn, which was originally for $4500.00, but which, before the judgment was rendered, had been reduced by payments. Jennie F. Winn had a son, named Harry J. Winn, for whose benefit the loans of $10,000.00 and $3500.00, secured by the trust deeds mentioned in the statement preceding this opinion, were made. A man by the name of Lee had given a note for $1920.00 to a man by the name of Holmes. Charles B. Moore, an attorney and brother of the appellant, William J. Moore, induced Harry J. Winn to purchase this note against Lee. The note was in some way held as collateral by Winn, or Charles B. Moore for the payment of the note for $4500.00 held by the appellant. The original note for $1920.00 was taken up, and a judgment note was obtained from Lee, payable to the order of appellant, and judgment upon this note was entered up in favor of appellant with his knowledge. It appears clearly, however, that appellant himself had nothing to do with the collections that were made upon the note or judgment against Lee. The judgment was entered up by Charles B. Moore at the request and with the consent of Harry J. Winn. It seems to be doubtful from the evidence, whether Charles B. Moore was any more the attorney of his brother than he was of Harry J. Winn. The latter was desirous of collecting as much as possible from Lee, in order that the amount of such collections should be applied upon the judgment by confession in favor of appellant. About June 13 or 14, 1893, $150.00 was collected by Charles B. Moore, or Harry J. Winn, upon the Lee note or judgment and handed over to appellant, after appellant had obtained his judgment by confession, and was credited by appellant upon his execution. Between June 14 and Aug-

ust 1, 1893, when the sale took place, Charles B. Moore collected $300.00 upon the judgment against Lee. The court below in its decree charges appellant with $170.00 of this $300.00. The evidence, however, is clear and conclusive, that the appellant knew nothing about this collection, until after the sale under his judgment was made, and he had bought in the property. Charles B. Moore, claimed that the $300.00 was due him for legal services performed for Harry J. Winn, and that, as the judgment against Lee was really owned by Harry J. Winn, he had a right to retain the sum for his legal services. Lee was largely interested in hotels built upon leased property, and failed. After his failure, a judgment creditor filed a creditor's bill, and had a receiver appointed. Charles B. Moore intervened in this proceeding in behalf of Harry J. Winn, and sought to reach some of the assets in the hands of the receiver. It was for such services, as well as services for entering up the judgment against Lee, that he claimed the right to be paid. The court below actually allowed Charles B. Moore, out of the $300.00, $100.00 for attorney's fees, and $30.00 for disbursements made by him, leaving $170.00 which, it is alleged, should have been credited on the execution by the appellant. Charles B. Moore swears, that his brother, William J. Moore, knew nothing about this collection until after the sheriff had sold the property. Appellant also swears to the same thing. There is nothing, so far as we have been able to discover, to contradict this testimony. Upon the facts, therefore, we are of the opinion, that there was no fraud committed by the appellant, and no want of good faith, which justified the court below in setting aside the sale under the judgment, and the certificate issued thereon.

Accordingly the judgment of the Appellate Court, and the decree of the circuit court are reversed, and the cause is remanded to the circuit court.

*Reversed and remanded.*