## Carleton Hudson, Appellant, v. Sarah G. Riddle, Executrix, Appellee.

### Gen. No. 15,980.

1. APPEALS AND ERRORS—*when appealable interest does not appear.* A trustee who does not show that a decree has injuriously affected his interests has no appealable interest and an appeal by him will be dismissed on motion especially where it appears that the only parties for whom such trustee could claim to have been acting were before the court and have not upon their own behalfs prosecuted an appeal.

2. TRUSTEE—*when order directing money to be paid to his grantor not erroneous. Held,* under the facts and evidence in this case, that the order which directed the payment of the money in question in this case to the grantor, rather than to his trustee, was proper.

Bill in chancery. Appeal from the Circuit Court of Cook county;

the Hon. THOMAS G. WINDES, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1909.   Appeal dismissed. Opinion filed May 5, 1911.   Rehearing denied May 19, 1911.

JOSEPH O. MORRIS and DARROW, MASTERS & WILSON, for appellant.

WILLIAM SHERMAN HAY, ALMON W. BULKLEY and JOHN A. HENRY, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

The appellant filed a bill of complaint against Francis A. Riddle in his lifetime, joining as defendants a large number of persons and corporations who were alleged to be creditors of Riddle or in some way interested in the subject-matter, also a number of persons against whom Riddle was alleged to have claims.

It appears that on February 23, 1906, Riddle executed a power of attorney to Hudson, authorizing him to execute and perform, orally or in writing, any and every act and deed he, Riddle, "could or can" in his own proper name and person; and particularly authorizing and empowering him to collect any moneys due Riddle, whether the same be in form a mere claim or account, or acknowledgment of indebtedness, promissory note, judgment or otherwise.   It further authorized him to give receipts for moneys paid to him, and to sign and execute in Riddle's name, all papers, contracts, deeds, etc., which might be necessary or proper in order to set over, assign and transfer to the wife of Riddle any property, real, personal or mixed, that Riddle was possessed of.   It authorized Hudson to pay all taxes and charges against his property, also fire and life insurance premiums.   It further authorized Hudson "to pay and receive to himself all money which has been, or at any time hereafter may be advanced by him on my account, with legal interest thereon, and the balance and remainder to pay over

to my beloved wife, Mrs. Sarah Riddle, for her and my own use and support.''

On the same day a judgment rendered in the Circuit Court of Cook county against the West Chicago Park Commissioners for $20,583.33 and costs was assigned by Riddle to Hudson. On March 10, 1906, Hudson executed an instrument, referring to the foregoing assignment of judgment and declaring that he held the same—

''First: To pay to himself any and all sums now due, or that may become due from said Francis A. Riddle to himself, or any further sums of money that may be loaned to said Riddle, or be disbursed on said Riddle's account or for his said benefit, or any liability incurred for him or his benefit by the undersigned.

''Second: To pay to the attorneys of record of said Riddle in said suit against the West Chicago Park Commissioners their reasonable and proper fees or charges in conducting said litigation in the recovery of above mentioned judgment.

''Third: To pay and satisfy in full all legal and proper indebtedness owing by said Riddle to his creditors, on proof of the same, the undersigned to be held harmless for any erroneous payment.

''Fourth: To hold the remainder of the proceeds of said judgment, after satisfying the foregoing, in trust for the wife of said Francis A. Riddle, Sarah G. Riddle, and apply the same to said Sarah G. Riddle for her support and for the support of said Francis A. Riddle, as the same may be required.

''Any expense whatsoever incurred by the undersigned caused by litigation or otherwise, growing out of the assignment of said judgment to him is to be paid first out of the proceeds of said judgment, so that the undersigned is to be held harmless in the premises.''

On the same day, March 10, 1906, another power of attorney was executed by Riddle to Hudson, authorizing him to borrow money and to execute notes, and to deliver as collateral thereto mortgages upon any real or personal property of Riddle, to hypothecate

any of the personal property of any kind which Riddle might possess, and to transfer any and all shares of stock standing in his name on the books of corporations.

Also on the said March 10th another power of attorney was executed by Riddle to Hudson, authorizing him to sell or mortgage any and all real, personal or mixed property possessed by Riddle, particularly mentioning a farm in Sangamon county.

The prayer of the bill is that the court cause an accounting to be made as to the amount owing to Hudson by Riddle, and for the appointment of a new trustee, and that said Riddle and his said wife be required to join in whatever instruments may be necessary to convey or release the said trust premises to such new trustee and for the discharge of Hudson from the trusts created in the said instruments.

Answers were filed by some of the defendants and other defendants were defaulted. Cross bills were also filed by certain of the defendants. Hearing was had upon the issues joined between the complainant Carleton Hudson and the defendant Francis A. Riddle (other than the question of accounting between them), and upon the several motions of the defendant, Francis A. Riddle, to (1) strike from the files the cross-bill of the Natural Guano Company, to (2) strike from the files the cross-bill of Benjamin F. Miles, to (3) dismiss the original bill of complaint as to the defendant, Marquette Safety Deposit Company, to (4) dismiss the bill of complaint as to the defendants, Connecticut Mutual Life Insurance Company of Hartford, Connecticut, and State Mutual Life Assurance Company of Worcester, Massachusetts, and George Pasfield, to (5) dismiss the bill of complaint as to defendants, Western Bank Note & Engraving Company, Jenny & Mundie, Benjamin F. Miles, George H. Weitz, Anna D. Nickerson, administratrix or executrix of the estate of Roland C. Nickerson, deceased, and Stockdale

Fertilizer Company, and a decree was entered July 16, 1909, dismissing the cross-bill of the Natural Guano Company and Benjamin F. Miles, dismissing the bill as against a large number of other defendants, and decreeing that the cause, both the original bill as amended and the cross-bill of Francis A. Riddle, be referred to a master in chancery, to state a just and true account between the complainant and the defendant, Francis A. Riddle, and to report the same to the court with his conclusions of law and fact thereon; ordering that Carleton Hudson within ten days file a true and just statement with the master, as to moneys owing to him and paid out by him in the matter prior to February 23, 1906.

From this decree an appeal was prayed to this court by the complainant Carleton Hudson and a large number of the defendants and cross-complainants. The only one who has perfected an appeal, however, is the complainant Carleton Hudson.

A motion was made before this court to dismiss the appeal, on the ground that the decree was not final, and was reserved until the hearing of the cause. We are of the opinion that the motion to dismiss should be allowed.

The appellant insists that he has an appealable interest because by the power of attorney he was empowered first, to collect all moneys due Riddle; second, to execute all receipts, papers, contracts and deeds for Riddle necessary to set over to Mrs. Riddle all Riddle's property; third, to pay all taxes and charges against Riddle or his property now due or thereafter due; fourth, to pay himself (Hudson) out of the proceeds of any property of Riddle's all moneys now due him, or which might hereafter be advanced by Hudson on Riddle's account; fifth, to pay the remainder to Mrs. Riddle for her support and Riddle's support.

We do not think the instrument created a trust in Hudson which could be asserted by any of the creditors of Riddle. It could possibly be asserted by Mrs.

Riddle, but Mrs. Riddle, as the record shows, is now a party to the cause as executrix of her husband's estate. She has prosecuted no appeal to this court, nor have any of the many creditors who were made defendants to the bill and who were by decree of the court dismissed from the cause.

The appeal by Hudson is apparently in his individual capacity, and although twenty-three assignments of error are made, we find none of them based upon claims that he was injuriously affected by the decree. The case of Press v. Woodley, 160 Ill. 433, is cited as an authority that the appellant in the case before us has an appealable interest. We should follow that case and affirm the decree in the present case, on the ground that the assignments of error did not call in question the correctness of any ruling of the court below affecting the appellant, were it not for the fact that in our judgment the case differs from Press v. Woodley, *supra,* in that the only parties for whom Hudson could claim to have been acting as trustee were before the court and have not seen fit to prosecute any appeal from the decree.

When a hearing is had before the master on an accounting, the complainant will have ample opportunity to obtain credit for any debts of Riddle that he has paid pursuant to his power of attorney, for any money advanced by him, and for fees if he is entitled to any, and the court upon the coming in of the report of the master will have ample power to protect him in the distribution of whatever sums may have come into his hands in pursuance of the rights vested in him by the power of attorney.

*Appeal dismissed.*