ALBERT J. KEMPER *et al.* Exrs., Defendants in Error, *vs.*
WILLIAM WEBER *et al.* Plaintiffs in Error.

*Opinion filed October 28, 1925—Rehearing denied December 2, 1925.*

1. MORTGAGES—*filing of amended bill is not a new suit.* The filing of an amended bill to foreclose pursuant to the remanding order of the Supreme Court, "with directions to permit plaintiffs in error to file such proposed amendments or amended bill and for further proceedings," is not the beginning of a new suit although the original bill was filed nine years before; and the cause is pending from the time the original bill was filed until the final decree on the amended bill.

2. SAME—*purchaser pendente lite takes title subject to decree.* One who acquires title to property during the pendency of a suit to foreclose a mortgage is bound by the decree in the foreclosure suit and takes the property subject to any decree which may be then rendered.

3. SAME—*purchasers pendente lite need not be made parties to a foreclosure proceeding.* Purchasers *pendente lite* need not be made parties to a foreclosure proceeding pending at the time they acquire their deeds to the property, as such a purchaser has a right to appear if he deems it proper and urge in the name of his grantor any defense against the pending proceeding which his grantor failed to make.

4. SAME—*a foreclosure decree is final where no appeal is perfected.* A foreclosure decree is a final adjudication of the questions arising in such proceeding where no appeal is perfected, and a master's deed executed and delivered pursuant to such decree and sale settles, as to the parties, the question of title to the property involved.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

HENRY N. MILLER, WALLEM & BAKER, and FREDERICK MAINS, for plaintiffs in error.

JULIUS GOLDZIER, for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendants in error filed a bill in the circuit court of Cook county to remove certain deeds as clouds upon their title to property located in the city of Chicago and for injunction against plaintiffs in error, who were made defendants therein, restraining them from claiming title to the premises on account of certain conveyances in the bill set out.

This is the third time in which this case, in one form or another, has appeared in this court. In *North Avenue Building Ass'n* v. *Huber,* 286 Ill. 375, defendants in error, executors of the estate of William Kemper, deceased, were held to be entitled to foreclose a certain trust deed given by Christina Huber to Kemper in his lifetime and which the latter had attempted to transfer to the North Avenue Building and Loan Association. It was there held that Albert J. Kemper and Herman J. Westphal, as executors, were entitled to file an amended bill for foreclosure. From that foreclosure and a sale had thereunder defendants in error claim title. The facts of that foreclosure proceeding are fully set out in *North Avenue Building Ass'n* v. *Huber,* 270 Ill. 75, and 286 id. 375, and need not be again set out here.

Upon the remandment of the cause after the second decision rendered in this court, complainants on March 15, 1919, filed their amended and supplemental bill, claiming title and ownership to the note and trust deed and praying for foreclosure. On March 31, 1920, the circuit court entered the decree herein for the sale of the lots. The defendant, Christina Huber, prayed an appeal from that decree, which was allowed but was not perfected. The lots were sold by the master in chancery on June 11, 1920, and bid in by complainants for the sum of $25,000. The sale was approved by the court and a certificate was issued to complainants on June 19, 1920. The bill in this case shows that no redemption was had from that sale, and on Sep-

tember 14, 1921, the master issued his deed to the real estate to defendants in error. It is further shown by the bill herein that the original foreclosure proceeding, through which the master's sale and deed to defendants in error arose, was filed in November, 1910. The amended bill authorized by this court on the second review of the case was filed on March 15, 1919. The bill shows that between November, 1910, and March 15, 1919, various deeds to this property were made. The first was a warranty deed from Christina Huber to Frederick Mains and Wesley H. Mains. Thereafter followed various trust and quit-claim deeds to plaintiffs in error. The bill sets out the interest claimed by plaintiffs in error and avers that their only source of title was through the deed of Christina Huber to Frederick and Wesley H. Mains; that this deed was made on May 15, 1912, during the pendency of the proceedings to foreclose the trust deed of Christina Huber to William Kemper, and it and all following deeds were therefore executed *pendente lite* and plaintiffs in error were all charged with *lis pendens,* and that the rights of Christina Huber having been extinguished by foreclosure decree, sale and deed, in which proceedings no appeal was perfected, plaintiffs in error have no right, title or interest in the premises. The decree found in accordance with the prayer of the bill, and plaintiffs in error bring the cause here, claiming that they have not had their day in court because they were not made parties to the foreclosure proceeding, also contending that the cause was finally disposed of by the holding of this court in the first case of *North Avenue Building Ass'n* v. *Huber,* decided in 1915 and reported in volume 270, as herein stated, and that since this was a final disposition of the cause, defendants in error could not be authorized to file an amended bill, but their so-called amended bill, filed March 15, 1919, was, in fact, a new bill; that since all of the deeds by which the plaintiffs in error claim to hold were executed prior to March 15, 1919, they were not deeds executed *pendente lite,*

and plaintiffs in error's rights thereunder could not be ad-
judicated unless they were made parties to the foreclosure
proceeding. This is the gist of plaintiffs in error's case, and
it is sufficient to say that in the *North Avenue Building
Ass'n case* reported in volume 286 that question was settled
contrary to their contention. The record in that case
showed that on January 15, 1916, after the remandment
of the cause and its re-instatement in the circuit court sub-
sequent to the first decision of this court therein, the cir-
cuit court dismissed the bill for want of equity; that on
February 1 following, on motion of Kemper and Westphal,
executors, in which they alleged that they had no notice of
the motion to dismiss the cause, the circuit court so found
and set aside the order of dismissal and the matter pro-
ceeded. The dismissal of the bill on January 15, 1916,
forms the only basis for the contention of plaintiffs in er-
ror that the cause was disposed of and that therefore the
bill filed March 15, 1919, was, in fact, a new bill. That
question was directly passed upon in the *North Avenue
Building Ass'n case* on its second appearance here. This
court there said: "It is insisted by defendant in error that
the court was without jurisdiction to set aside its order of
January 15, 1916, dismissing the bill for want of equity,
because such order was made at a term subsequent to the
term at which such order of dismissal was made. There is
no merit in this contention. The order of dismissal was
made without any notice whatever to plaintiffs in error or
their counsel and against the express rule of practice of
the circuit court. It would be more nearly exact to say
the court had no jurisdiction to enter the order of dismis-
sal for want of notice to plaintiffs in error. As we under-
stand the record, this order had no binding force whatever
on plaintiffs in error by reason of the express violation of
the rule of court in respect to giving notice of the pendency
of such motion. The rules of court have the same binding
force upon parties, as well as upon the court, as have stat-

**318—32**

utes. (*Axtell* v. *Pulsifer,* 155 Ill. 141.) It requires no further argument to show that plaintiffs in error were not bound by such order of court, and that it was such an order as might be set aside at any time during the term when made, or at a subsequent term, where no discovery of such order is made by the parties injuriously affected thereby until such subsequent term. For the reasons aforesaid the judgment of the Appellate Court and the decree of the circuit court are reversed and the cause remanded, with directions to permit plaintiffs in error to file such proposed amendments or amended bill and for further proceedings not inconsistent with this opinion."

The amendment allowed to be filed on March 15, 1919, was not a new bill but an amendment to the original bill, and the cause of action was pending from the time the original bill was filed, in 1910, until the final decree on the supplemental bill filed on March 15, 1919. Therefore the transfers which took place during the pendency of the original or supplemental bill were transfers *pendente lite.* The rule is, that one who acquires title to property during the pendency of a suit to foreclose a mortgage is bound by the decree in the foreclosure suit and takes the property subject to any judgment or decree which may be then rendered. (*Moore* v. *Jenks,* 173 Ill. 157; *Norris* v. *Ile,* 152 id. 190; *Durand* v. *Lord,* 115 id. 610; *Jackson* v. *Warren,* 32 id. 331; 1 Story's Eq. Jur. sec. 406; *Allison* v. *Drake,* 145 U. S. 500; *Hopkins* v. *McClaren,* 4 Cow. 667.) It was not necessary that plaintiffs in error, who were purchasers *lis pendens,* be made parties to the proceeding pending at the time they acquired their deeds to this property. Such a purchaser has a right to appear if he deems it proper and urge in the name of his grantor any defense against the pending proceeding which his grantor has failed to make. (*Cook* v. *Wolf,* 296 Ill. 27; *Davidson* v. *Dingeldine,* 295 id. 367; *Fox* v. *Simons,* 251 id. 316; *Norris* v. *Ile, supra; Chickering* v. *Fullerton,* 90 Ill. 520; *Scott* v. *Milliken,*

60 id. 108.) Notwithstanding the earnest arguments of counsel for plaintiffs in error in their prolix brief, we adhere to our former decisions. We are of the opinion that they are conclusive of the rights of plaintiffs in error.

Plaintiffs in error seek to invoke the constitutions of this State and of the United States in this proceeding. There is no place wherein a constitutional question arises. The proceedings had in the foreclosure matter were entirely in accord with due process of law. Plaintiffs in error had an opportunity to appear in the foreclosure proceeding and defend in the name of their grantor if they saw fit to do so. This they did not do. There is no constitutional question in the case. Nor are there any other questions in that proceeding which are open here. The decree for foreclosure, from which no appeal was taken, was a final adjudication of the questions arising there. The only question in this case is whether or not defendants in error have title to this property or whether such title rests in plaintiffs in error. That matter depends upon the determination of the very simple question whether the deeds executed by Christina Huber and her grantees to plaintiffs in error were so executed during the pendency of the foreclosure proceeding. As we held in the *North Avenue Building Ass'n case* when it was here the second time, we again hold that the trial court had jurisdiction to grant leave to file an amended bill. Deeds to plaintiffs in error were executed *pendente lite.* The final decree of foreclosure, from which no appeal was taken, and the master's deed, settle the question of right to the property between the parties here.

The decree of the circuit court is affirmed.

*Decree affirmed.*