(No. 21920.— )

THE TRADERS INVESTMENT COMPANY, Appellee, *vs.* MARY FABEN *et al.*—(JAMES KARBAN, Appellant.)

*Opinion filed October 21, 1933.*

RING, UHLIR & CUCHNA, for appellant.

H. P. GROSSMAN, for appellee.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

This was a bill filed in the circuit court of Cook county by the Traders Investment Company to foreclose a mechanic's lien on improved premises in Chicago. The bill named as parties defendant Mary and Julius Faben, (who owned the premises on May 15, 1928, at the time the contract for the improvements was made,) James Karban, as trustee under a trust deed on the premises dated July 13, 1926, and also the "unknown owners" of the notes secured thereby. Karban filed an answer, and on February 10, 1932, filed an amended answer, as trustee. On the same date Otto Vokoun entered his appearance as "unknown owner" and filed his answer, asserting that he was the owner of the mortgage indebtedness secured by the trust deed. Both Karban, as trustee, and Vokoun, asserted the

contract and the improvements made thereunder were made without their knowledge; that the lien of the trust deed was superior in all respects to the mechanic's lien by reason of the contract for the improvements; that they did not desire a foreclosure of the trust deed or a sale of the premises to pay the mortgage indebtedness; that complainant was not entitled to such a sale to satisfy its lien, and that if a foreclosure should be decreed as prayed, Vokoun would be denied the equal protection of the law and would be deprived of his property without due process of law, contrary to the provisions of the State and Federal constitutions. The cause was referred to a master, where all the facts were stipulated. The master filed his report, recommending the entry of a decree as prayed in the bill. Objections and exceptions thereto were overruled, and the chancellor entered a decree which decided, in substance, that complainant's mechanic's lien was superior to all other liens to the extent of the improvements installed under the contract but subordinate to the lien of the trust deed as to the land and improvements thereon at the time of the execution of the contract. The decree provided for sale of the premises and for payment of the proceeds in certain proportions to complainant and Vokoun. Karban, as trustee, and Vokoun as owner of the indebtedness secured by the trust deed, prayed and were separately allowed appeals to this court. Karban perfected his appeal but Vokoun did not.

Karban assigns as error, among other things, that section 16 of the Mechanic's Lien act is unconstitutional, and it is apparently on this theory that the appeal has been taken directly to this court. For reasons which will be immediately apparent it will be unnecessary to consider any of the errors assigned on this appeal.

Karban at no time has had any interest whatever in this litigation except as trustee under the trust deed. The decree does not affect him or his rights in any way. Vo-

koun became a party defendant, filed an answer asserting his rights, was represented at the trial, and prayed an appeal on his own behalf from the decree. He abandoned that appeal, and for aught that appears he is satisfied with the decree. But in any event, his rights, and only his rights, are sought to be protected by the trustee on this appeal. In *Press* v. *Woodley*, 160 Ill. 433, where the same situation arose, we held under almost identical circumstances that a trustee under a trust deed to secure a loan cannot appeal from a decree so far as it is prejudicial to the owner of the note secured by the trust deed, where the latter has been made a party to the suit and the trustee does not stand in his place upon the record. That case is conclusive of this appeal and requires that the decree be affirmed because the trustee has no real interest in the suit and his appeal does not call in question the correctness of any ruling affecting him.

*Decree affirmed.*