MARION A. JOHNSON ET AL.

v.

EGBERT JOHNSON ET AL.

1. JURISDICTION ON APPEAL.—Since the act of 1879 regulating appeals
and writs of error, this court has no jurisdiction on appeal or writ of error in
cases where the question of a freehold is directly involved.

2. FREEHOLD—MEANING, AS APPLIED TO JURISDICTION.—In a proceed-
ing for partition of a tract of land held by several as tenants in common, the
parties claiming to hold their undivided portions in fee, the question of a free-
hold is directly involved within the meaning of the statute relating to the
jurisdiction of the Appellate Court.

APPEAL from the Circuit Court of Cook county; the Hon.
W. H. BARNUM, Judge, presiding.   Opinion filed December 13,
1880.

Messrs. PAGE & PLUM, for appellants.

BAILEY, J.   This was a bill in chancery, brought by Marion
A. Johnson and others against Egbert Johnson and another,
praying for the partition of ten acres of land, being a part of
the southwest quarter of section 4, township 38, range 14, in
Cook county.   It appears that on the 23d day of September,
1876, said land was owned in fee in equal undivided portions
by John S. Russ, Catherine R. Moody and Sarah M. Peck, their
title having been derived by devise from their father, John
Russ, deceased.   On the day last named, said Sarah M. Peck
died, leaving a will by which she made a devise of her estate
in said land, and the principle controversy in the case arises
upon the construction of said will.   On the one hand, it is
contended that by said will the estate of the testator in said
lands was devised to her two daughters, Marion A. Johnson
and Helen M. Peck, in fee; and on the other hand, that said
Marion A. Johnson and Helen M. Peck took only a life estate,
with a contingent remainder over, by way of executory devise
to the survivor, on the death of either without issue.   The

court below adopted the latter construction, and entered a decree for the partition of said land in accordance therewith. From this decree, said Marion A. Johnson and Helen M. Peck have appealed to this court.

A preliminary question arises in this case which, though not raised or suggested by counsel, we cannot avoid considering, viz: whether we have jurisdiction of the appeal. ·

Prior to the act of June 3, 1879, amending certain sections of the Practice Act, this court had jurisdiction of all appeals from or writs of error to the circuit court in all cases, the party appealing, however, having an option in criminal cases and cases involving a franchise or freehold or the validity of a statute, to take his case directly to the Supreme Court. City of Chicago v. Vulcan Iron Works, 2 Bradwell, 189. But by said act it is provided that appeals from and writs of error to circuit courts, in cases in which a franchise or freehold or the validity of a statute is involved, shall be taken directly to the Supreme court. Laws of 1879, page 222. The appeal in this case having been taken since the passage of said act, must be controlled by its provisions, and it necessarily follows that if a freehold is involved, within the meaning of the act, the appeal should have been taken to the Supreme Court, and not to this court.

The language of the statute, as well as that of the Constitution of the State from which it was borrowed, comes far short of that definiteness and certainty which are essential in order to make the boundaries of the jurisdiction of this court, as well as of the Supreme Court, clear and unmistakable. Whether, in a given case, an appeal lies to this court, or directly to the Supreme Court, is made to depend upon whether a freehold is involved. But how involved? It is plain that a freehold may be involved in a litigation more or less immediately or remotely. It may be involved directly or only incidentally, and between these extremes there may be many gradations. In what way or to what extent a freehold must be involved in order to divest this court of jurisdiction of an appeal, and to vest such jurisdiction in the Supreme Court, the statute does not attempt to define, and a question of interpretation is thus raised upon which the ablest judges may differ. It is to be regretted that the

Johnson v. Johnson.

legislature, so long as it saw fit to divest the Appellate Courts of a portion of their former jurisdiction, and to vest such jurisdiction exclusively in the Supreme Court, did not parcel off the jurisdiction of these respective appellate tribunals by such boundary lines as should be easily ascertainable.

Is there a freehold involved in this case within the meaning of the statute ?   Britton, one of the earliest writers on English land tenures, defines a freehold to be " the possession of the soil by a freeman," which, doubtless, must be understood to mean such holding or tenure of lands as was then regarded consistent with the character and rank of a freeman.  It thence derived its name—*liberum tenementum*, frank tenement, or freehold.  It was such estate as required actual possession of the land, which possession, by the course of the common law, could only be given by livery of seisin.  Hence, among freehold estates were included only estates of inheritance and estates for life, as these estates only were conveyed with livery of seisin, all lesser estates being conveyed without this solemnity, the tenant being, in theory, put into possession, to hold as the agent or bailiff of him having the seisin.  In our law, freeholds include the estates of inheritance or for the life of the tenant in lands or other property.  Whether they do not also include estates for the life of another, or for any other uncertain period, it is not important to determine in this case.

This suit was brought to obtain a decree making partition of a tract of land between several persons holding it as tenants in common.  All of the parties claim to hold their respective undivided portions in fee.  As to the owners of an undivided two-thirds, this claim is undisputed.  As to those representing the remaining one-third, there is a controversy as to whether their estate is in fee or for life.  But whether the one or the other, it comes within the legal definition of a freehold. The sole purpose of the suit is to obtain a decree which shall act upon and change the condition of the freehold.  It seeks to transform a tenancy in common of the whole tract into a tenancy in severalty in each owner of a part proportionate to his undivided share.  By such proceeding, each will be divested of his title in common to the tracts which shall be set off to

the other claimants, and invested with a title in severalty to the tract which shall be allotted to him. It would thus seem clear that a freehold is *directly* involved in the case; and whatever may be the rule where the title to real estate is involved only incidentally in the litigation, it cannot be doubted that ·the present suit comes within the meaning of the statute giving the Supreme Court exclusive jurisdiction of appeals in cases where a freenold is involved. This question has been considered and decided by the Appellate Court in the Second District, in the case of Lequatte v. Drury, 6 Bradwell, 389, it being held that under the act of 1879, the Appellate Courts have no jurisdiction of appeals from a decree making partition of a freehold estate.

It follows that under the present statute this court has no jurisdiction of the case. We cannot, therefore, examine into its merits, for if we should attempt to do so, whatever action we might take would be nugatory. The appeal will accordingly be dismissed.

Appeal dismissed.