## MELISSA CARTER *et al.*

### *v.*

## JOSEPH PENN.

*Filed at Mt. Vernon June 21, 1881.*

1. SUPREME COURT—*jurisdiction as involving freehold.* As a writ of error in a partition case, sued out after an order of distribution to reverse such order, brings up the entire case, involving the decree of partition and sale ordered, it involves a freehold, and the writ of error lies directly from this court to the trial court.

2. TENANT IN COMMON—*contribution for incumbrance removed by one.* In a proceeding for the partition of lands, where it appears that one tenant in common has advanced money to pay off or remove an incumbrance on the land, the other tenants should be required to pay an equal proportion of the sum so advanced, according to the interest they may have in the land, so that the incumbrance will fall on each tenant in common in proportion to his interest.

3. Where, prior to any proceeding for partition, the circuit court in a suit gave the widow a gross sum of $1000 in lieu of her homestead in a tract of land, in which suit the owners of the land were made parties, and two of the three owners, who were tenants in common, paid the $1000 to the widow, and the circuit court, on suit for partition, found the rights of the parties equal, and ordered a sale, and finally ordered a distribution in the same manner:

*Held,* that the court should not have found the several interests equal, but should have required the tenant not paying anything to the widow to pay to the others one-third of the sum advanced by them, with interest from the time they advanced the same, and the decree of distribution only was reversed, as the rights of the parties could be adjusted as well by decreeing a proper division of the proceeds of the sale: *Held,* also, that the propriety of giving the widow a gross sum for her homestead could not be questioned collaterally in the partition suit.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This writ of error is prosecuted by Melissa Carter and Hannah Primm, only.

Mr. MARSHALL W. WEIR, for the plaintiffs in error:

In the partition of land, if one tenant in common has paid money to relieve the premises of a legal incumbrance resting on the entire interest of all, the others will be required to contribute their just proportion of the same. *Illinois Land and Loan Co.* v. *Bonner,* 75 Ill. 315; *Titsworth et al.* v. *Stout,* 49 id. 78.

It is equally well settled, that in partition the court may charge a co-tenant for rent in arrears, and make the same a lien on the estate of those receiving it. *Roberts et al.* v. *Beckwith,* 79 Ill. 246.

The equities of the parties may be adjusted whether the partition is at law or in chancery. *Gage* v. *Lightburn et al.* 93 Ill. 248; *Roberts* v. *Beckwith,* 79 id. 246; *Titsworth* v. *Stout,* 49 id. 78.

Mr. C. W. THOMAS, for the defendant in error:

At the February term, 1880, the court decreed that plaintiff and defendants were each entitled in fee simple to an undivided one-third of the premises, subject only to the widow's dower, and that the $1000 due the widow as her homestead had been paid. To this finding the defendants took no exception, nor did they make any motion for a new

trial at that term, as required by the statute. Practice Act, sec. 57. See, also, *Illinois Central Railroad Co.* v. *Modglin,* 85 Ill. 481; *David M. Force Manf. Co.* v. *Horton,* 74 id. 310; and sec. 61, Practice Act.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a petition for partition, brought by Joseph Penn against Melissa Carter, Hannah Primm and Lucetta S. Stookey, to divide certain premises in St. Clair county. The defendants were required to answer the petition under oath, which was done by the two plaintiffs in error. The other defendant answered, admitting the allegations of the petition.

It appears from the petition that the premises in controversy originally belonged to Samuel Stookey, who, on the 19th day of February, 1872, conveyed the same to his three children, Melissa Carter, Hannah Primm and James M. Stookey; that on the 24th day of May, 1878, James M. Stookey conveyed his undivided one-third of the property to petitioner. It also appears, from the averments in the petition, that Samuel Stookey, by his last will, made a provision for his widow, Lucetta S. Stookey, but she renounced the provisions of the will, and such proceedings were afterwards had, that at the January term, 1877, of the court, in a certain cause in equity then therein pending, wherein Melissa Carter, Hannah Primm and James M. Stookey were complainants, and Lucetta Stookey was defendant, a decree of the court was rendered, assessing the dower of Lucetta in the premises at $127 annually, and providing for the payment to her of $1000 in lieu of her homestead in the premises. It is also set up in the petition that said sum of $1000 has since been paid to Lucetta by the defendants Melissa Carter and Hannah Primm, without the consent of petitioner, who was willing that the widow should continue to occupy said premises as a homestead.

The petition contains other averments, but it is not necessary to set them out here.

The answer of the defendants admits the truth of these averments, and upon the petition and answer, without hearing evidence, the court, at the February term, 1880, entered a decree finding that petitioner, Joseph Penn, Melissa Carter and Hannah Primm, are each entitled to an undivided one-third of the premises, subject to the dower allotted to the widow in the former proceedings. Commissioners were appointed to divide the premises, who filed a report that the premises could not be divided without manifest prejudice to the owners, and they appraised the property at $7600. The report was approved, and a decree of sale entered. The master was directed, out of the proceeds, to pay the expenses of sale and the costs of the suit, and bring the balance of the proceeds of sale into court. On the 30th day of June, 1880, a report of sale was filed and approved. At the following September term of court the parties appeared, and a hearing was had in regard to the distribution of the proceeds of sale. The court refused to hear any oral evidence on the question, but upon an examination of the pleadings and former decree in the case, entered a decree that the money in the hands of the master, arising from the sale, be distributed in pursuance of the former finding of the interest of the parties in the land sold,—one-third to Joseph Penn, one-third to Melissa Carter, and one-third to Hannah Primm. To this decision of the court the defendants Melissa Carter and Hannah Primm excepted, and sued out this writ of error.

The first question presented by the record arises on the motion of defendant in error to dismiss the writ of error on the ground that this court has no jurisdiction. The decision of this motion depends on the further question whether a freehold is involved. It is true that the main controversy in the case is over the distribution of the money received by the master in chancery as the proceeds of the sale of the lands described in the petition, but at the same time, the writ of

error brings before us for review the decree of partition and sale rendered in the case. If this was an appeal merely from the decree denying the application of the defendants in the petition for a distribution of the proceeds of the sale of the lands named in the petition, there might be more force in the argument in support of the position that a freehold was not involved, and that the writ of error should be dismissed. But such is not the case. No appeal was prosecuted to this court from that decree, but, on the other hand, as we have said before, the writ of error brings up the entire record in the case for review. Such being the case, it is apprehended there can be no serious controversy in regard to the fact that a freehold is involved, as it necessarily is in every petition for partition.

In a proceeding of this kind, under sec. 39 of Rev. Stat. 1874, p. 753, the court is expressly authorized to investigate and settle all questions of conflicting or controverted titles, remove clouds upon titles, assign dower, order a sale of the premises for the purpose of dividing the proceeds, apportion incumbrances among the parties, etc. The power here conferred on the court in a partition proceeding as respects the title to the land, is greater than that conferred on the court in the trial of an action of ejectment, which always involves a freehold.

Again, upon an inspection of the errors assigned, it will be found that a freehold is involved in the determination of the first error assigned on the record. It is as follows: "The circuit court erred in its finding and order of the February term, 1880, that the said Penn was entitled to one undivided third of said premises, subject to the dower of Lucetta S. Stookey." It may be true that the jurisdiction of the court does not always depend upon the errors that may be assigned on the record, yet we may look to the errors assigned for the purpose of ascertaining the questions which will properly and legitimately arise in the case. The motion to dismiss will have to be overruled.

We now come to the merits of the case. In a proceeding to partition lands, where it appears that one tenant in common has advanced money to pay off or remove an incumbrance: which rests upon the land owned in common, the other tenants in common should be required to pay an equal proportion of the amount so advanced, according to the interests they may have in the land, so that the incumbrance will fall equally on each tenant in common, in proportion to the interest each one may have in the land. *Titsworth* v. *Stout,* 49 Ill. 78.

In the decree rendered in the case under consideration, this rule was disregarded. It was set up in the petition, and admitted in the answer, that in a cause pending in the circuit court between the owners of the fee and the widow, a decree of court was entered assessing the dower of the widow in the premises at $127 annually, and providing for the payment to her of $1000 in lieu of her homestead in the premises; that the said $1000 has since been paid by the defendants Melissa Carter and Hannah Primm. Here, according to the averments of the petition and the admission in the answer, was an incumbrance on the premises of $1000, which had been established by a decree of the circuit court, and in decreeing a partition of the premises, as two of the owners of the fee had paid off and discharged the incumbrance, the petitioner, who owned the other third, ought to have been decreed to refund one-third of the amount advanced, with interest thereon from the time the money was paid.

Whether the circuit court that rendered the decree allowing a gross sum of $1000 to the widow in lieu of her homestead in the premises decided right or erroneously, can make no difference, so far as the rights of the parties are concerned in this case. The court in which the decree was rendered having jurisdiction of the parties and the subject matter, its decree can not be questioned collaterally.

But it is said no exception was taken to the decree of the court which fixed the rights of the parties in the premises, and

hence error can not be assigned on such finding here. There are cases in which it has been held that where, by consent, a cause is tried by the court without a jury, and no exception is taken to the finding, error can not be assigned on appeal. But this is not a case of that character. If the decision in this case was erroneous, as we have seen it was, the law did not require a formal exception to be taken to the decree, but on appeal or writ of error the correctness of the decree may be inquired into, in the same manner as can be done in a decree in chancery. It will not, however, be necessary in this case to reverse the decree of partition or sale, as the rights of the parties can be adjusted as well by decreeing a proper division of the proceeds of the sale of the premises, which were required to be brought into court for distribution.

The decree of distribution will be reversed, and the cause remanded, with directions to the circuit court to enter a decree requiring the master in chancery who made the sale to refund to the plaintiffs in error one-third of the amount they advanced to discharge the premises from the homestead, with six per cent interest thereon, and the residue of the proceeds of sale to be divided equally between the three owners of the fee.

*Decree reversed.*