CLARA H. BANGS *et al.*

*v.*

JOHN J. BROWN *et al.*

*Filed at Ottawa May 19, 1884.*

1. APPEAL—*whether a freehold involved—in partition.* A freehold is involved in a proceeding for the partition of land, and the Appellate Court has no jurisdiction of an appeal taken from a decree in such a proceeding.

2. JURISDICTION—*want of jurisdiction—awarding costs.* Although the Appellate Court has no jurisdiction of an appeal in a case involving a freehold, it may enter an order dismissing the same, and as an incident of such power it may award costs on a dismissal.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.  ·

Mr. S. M. MILLARD, for the appellants, to show that a freehold is not involved in a suit for partition, cited *Chicago, Burlington and Quincy R. R. Co.* v. *Watson,* 105 Ill. 217.

Neither in the original nor cross-bill is a freehold involved. *Hutchinson* v. *Howe,* 100 Ill. 11; *Richards* v. *People,* id. 424; *Galbraith* v. *Plasters,* 101 id. 444; *Chicago Theological Seminary* v. *Gage,* 103 id. 176; *Conkey* v. *Knight,* 104 id. 337.

Messrs. HUTCHINSON & PARTRIDGE, for the appellees:

In all partition suits a freehold is involved.   *Carter et al.* v. *Penn,* 99 Ill. 390.   See, also, *Theological Seminary* v. *Gage,* 103 id. 180.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This appeal brings before us for review an order of the Appellate Court for the First District, dismissing an appeal from a decree of the Superior Court of Cook county, in a partition proceeding, on the ground the Appellate Court had no jurisdiction in such case.   The action of the Appellate Court is based upon the legal hypothesis a freehold is necessarily involved in a proceeding for partition, and it was therefore held the appeal should have been taken directly to this court.   The ruling of the court in this respect presents the main question for determination.

The question is not a new one in this court.   The case of *Carter et al.* v. *Penn,* 99 Ill. 390, expressly holds that a freehold is involved in a partition proceeding, and the rule laid down in that case must govern this.   Counsel for appellants, however, claims that under the rule, as laid down in *Chicago, Burlington and Quincy R. R. Co.* v. *Watson,* 105 Ill. 217, which is a later case, a freehold is not involved in this case. It was there said:   "A freehold is never involved, within the

meaning of the statute, except when the primary object of the suit is the recovery of a freehold estate, the title whereof is directly put in issue, and where the suit, if prosecuted to a final determination, will, by virtue of the judgment or decree rendered therein, as between the parties, result in one gaining and the other losing the estate."

We perceive nothing in the language here cited that at all conflicts with what is said in the *Carter-Penn case,* and there was certainly no intention of modifying the rule as announced in the latter case, nor does the language used in the *Watson case* have that effect. Under the rule, as stated in the *Watson case,* we think it clear every partition suit necessarily involves a freehold. In addition to the fact that the parties are bound to set forth and prove their titles and respective interests, each co-tenant, upon a partition being effected, loses his title and interest in every part of the land divided except the parcel assigned to himself, and as to that he becomes the sole and exclusive owner. Of course in this process, by which one of the co-tenants acquires an exclusive interest in a specific part of the partitioned premises, the others must necessarily lose what he gains. If, on the other hand, the land itself can not be partitioned, and a sale is ordered, in that event all the co-tenants will necessarily lose their estate or title in the subject of partition, but will receive, as an equivalent for it, its value in money. Thus it will be seen, every partition suit, whatever may be the state of the title, provided the subject of partition is a freehold estate, will necessarily involve a freehold.

It is also claimed the Appellate Court erred in entering a decree against appellants for costs on dismissal of the appeal. While the Appellate Court had no jurisdiction to entertain the appeal, yet it clearly had power and jurisdiction to enter an order dismissing it, and we are of opinion, as an incident of such power, it was authorized to award costs, as it did.

The judgment will be affirmed.            *Judgment affirmed.*