Curtis v. Williams.

---

## SARAH A. CURTIS
### v.
## IDA G. WILLIAMS.

*Practice—Dismissal of Appeal—Act June 14, 1887—Taxation of Costs —Time.*

Upon the dismissal of an appeal under the act of June 14, 1887, this court may allow as part of the costs a reasonable solicitor's fee; and where such dismissal is in vacation, the allowance may be made at the ensuing term.

[Opinion filed December 7, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. KRAUS, MAYER & STEIN, for appellant.

Messrs. ELA & GROVER, for appellee.

GARY, J. The appeal in this case was dismissed in vacation after the March term, on the 18th day of September last. The facts in relation to such appeal, and the reason for dismissing it, appear in the opinion of the court then filed. The appellant claimed the right to the appeal under the act approved June 14, 1887, State Edition, 250, Brad. 151, which provides: "If such appeal is dismissed the Appellate Court may allow to the attorney for appellee a reasonable solicitor's fee, not to exceed $100, to be taxed as part of the costs of the appeal."

On the 25th of September, the appellees filed their motion for an allowance of $100 under the act. The appellant opposes the motion partly upon a consideration of the object of the appeal, and the effect that might have followed if it had been a proper case for an appeal, and partly upon the grounds that if the appeal is not within the act the allowance is not; that the term at which the appeal was dismissed had passed, and the court can not at one term add anything to its judgment of a former term. The opinion already filed sufficiently exposes the unnecessary and vexatious character of the appeal. As to the first ground, questioning the power of the court to make the allowance, the act makes it "part of the costs," and costs are adjudged on dismissing an appeal for want of jurisdiction. Bangs et al. v. Brown et al., 110 Ill. 96.

The tenor of the whole act shows that the legislature felt that there was danger of the abuse of the privilege granted by it. The appeal is to be taken within thirty and perfected in the Appellate Court within sixty days from the entry of the order appealed from; it is to have in the Appellate Court precedence of other business. If the case is one of which the court has jurisdiction, the ordinary course will be to affirm, modify or reverse the order appealed from, and in such cases no attorney's fee is to be allowed; only upon dismissal of the appeal.

The most frequent cause of dismissal in the Appellate Court is want of jurisdiction, under the distribution of the appellate power between the Supreme and Appellate Courts. It must be assumed that the legislature took notice of all the circum-

stances affecting the matter they had under consideration. And with such knowledge and that costs were adjudged to the appellee on dismissal of an appeal for want of jurisdiction, they incorporated in the act the provision before recited for increasing the costs. It is a prudent restraint upon the abuses of the privileges thus newly granted, and just to the adverse party.

As to the other ground no term has passed. The order or judgment dismissing the appeal was entered in vacation, under the authority conferred by ¶ 35, Chap. 37, Starr & Curtis' Ill. Stat., and Sec. 15 of "An act to establish Appellate Courts," approved June 2, 1877.

Eight days thereafter, still in vacation, the motion for the allowance was made. If the dismissal had been in term time, and the motion filed the same term but not disposed of, the power of the court to allow it at the next term would have remained. Secs. 10 and 14 of Appellate Court Act; Sec. 5, Act of 1874, relating to the Supreme Court; Windett v. Hamilton, 52 Ill. 180 ; People v. Gary, 105 Ill. 264.

There is no authority cited or known to this court as to the power of the court over what is done in pursuance of law, during the preceding vacation, but in the nature of things it can not be less than it would be, the same circumstances concurring, if the thing were done at the term which the vacation followed.

The appellees are therefore entitled to an allowance, "to be taxed as part of the costs," and though no objection has been made that $100 is not "a reasonable solicitor's fee," yet, as this is the first case in which this court has been called upon to act under this provision of the statute, it will not go to the maximum, but fix the same at $75.

The clerk of this court will therefore tax as part of the appellee's costs in this case, the sum of $75 for their solicitor's fee.