## ADDIE ROHN ET AL.

### v.

## ANN HARRIS AND MARY F. BYERS.

*Jurisdiction—Ferry—Franchise—Title—Practice.*

1. This court is without jurisdiction of an appeal involving a ferry right which is a franchise.

2. A proceeding for partition of a ferry right involves title.

3. Where this court is without jurisdiction of the subject-matter of the appeal, it will dismiss the same on its own motion.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Cass County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for appellants.

Messrs. HENRY PHILLIPPA and G. POLLARD, for appellees.

PLEASANTS, J. This was a bill filed by appellees for a partition, or if that should be found impracticable, a sale of the

Rohn v. Harris.

ferry property, consisting of the franchise and its appurtenances, at Beardstown.

Complainants claimed an undivided half interest therein, setting forth in full their chain of title, and that defendants or some of them owned the other half.   The other defendants defaulted, but Addie Rohn and Katherine Rohn answered, denying that complainants had any interest, and claiming the whole of record and by limitation for said Addie.   They also claimed that the property was chattel, and therefore not susceptible of partition by this proceeding.

On final hearing upon the pleadings and proofs, the court finding that complainants owned one, and defendant Addie Rohn the other undivided half interest, and that partition could not be made without injury, ordered a sale of the property and distribution of the proceeds according to the rights of the parties as found, directing the value of boats, etc., to be ascertained, and requiring complainants to pay said defendant one half thereof.   Defendants appealed.   The arguments filed here are very elaborate, but confined to the consideration of the nature of the property and the conflicting claims thereto of the respective parties.   Though it is recognized by both as a franchise, the question of the jurisdiction of this court is not raised.   Yet we can not ignore it.

That a ferry right is a franchise is beyond doubt.   People v. Hotz, 92 Ill. 426.   And that a proceeding for partition necessarily involves title is also settled.   Carter v. Penn, 99 Ill. 390; Johnson v. Johnson, 7 Ill. App. 521.

A franchise being involved, the appeal should have been taken directly to the Supreme Court.   This court has no jurisdiction of such a case.   R. S. 1887 (Hurd), Ch. 37, Sec. 25, and Ch. 110, Sec. 89.

This appeal will therefore be dismissed, with leave to appellants to withdraw the record, abstracts and briefs, to be filed in the Supreme Court, if they shall so desire.

*Appeal dismissed.*