### John V. LeMoyne

*v.*

### George F. Harding.

*Filed at Ottawa January 21, 1890.*

1. Appeal—*whether a freehold involved—bill for partition—and to remove cloud upon title.* Bill was filed for partition, and to set aside a tax deed. The decree granted the prayer of the bill. A freehold was therefore involved, and decided by the trial court on two issues. An appeal from that decree to the Appellate Court was properly dismissed for want of jurisdiction.

2. Costs—*on dismissal of appeal for want of jurisdiction.* Where an appeal is improperly taken to the Appellate Court, and is dismissed for want of jurisdiction, it is proper to give judgment for costs against the appellant.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. Lorin C. Collins, Judge, presiding.

Messrs. Wilson & Moore, for the appellant.

Mr. William J. Ammen, and Mr. George F. Harding, for the appellee.

Mr. Justice Wilkin delivered the opinion of the Court:

This is the same case brought up by writ of error to the circuit court of Cook county, between these parties, and decided at the present term. (See *LeMoyne* v. *Harding, ante,* p. 23.) Prior to suing out the writ of error in this court, appellant had taken an appeal from the circuit to the Appellate Court. Appellee there moved to dismiss, for want of jurisdiction, on the ground that a freehold was involved. The motion was allowed, and the appeal dismissed. From that judgment this appeal is prosecuted.

The bill was for partition, and to set aside a tax deed. The decree appealed from granted the prayer of the bill. A freehold was therefore involved, and decided by the circuit court on two issues. *Carter et al.* v. *Penn,* 99 Ill. 390; *Bangs et al.* v. *Brown et al.* 110 id. 96; *Sanford et al.* v. *Kane,* 127 id. 591, and cases cited.

It is also insisted, that if the Appellate Court had no jurisdiction it was error for that court to render judgment against appellant for costs. This point was also decided in *Bangs et al.* v. *Brown et al. supra,* adversely to the contention of appellant.

The judgment of the Appellate Court was right.

*Judgment affirmed.*