WILLIAM A. SCHWARTZ *et al.*

*v.*

CHARLES L. RITTER *et al.*

*Opinion filed June 21, 1900.*

1. APPEALS AND ERRORS—*freehold is involved if subject of partition is a freehold estate.* A freehold is involved, on appeal from a parti- tion decree, if the subject of partition is a freehold estate.

2. SAME—*one cannot complain of error affecting others alone.* One cannot assign for error that which does not in any way affect his rights but only those of his co-defendant, who makes no complaint.

3. COSTS—*statute creating lien for costs in criminal cases, construed.* Section 15 of division 14 of the Criminal Code, creating a lien on the property of one convicted of an offense to cover fines and cost of prosecution, contemplates that such lien shall date from the finding of the indictment, but in case of conviction without an indictment, as on information, from the date of the arrest.

WRIT OF ERROR to the Circuit Court of Jackson county; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

W. W. BARR, and R. J. STEPHENS, for plaintiffs in error.

ISAAC K. LEVY, and JOHN M. HERBERT, for defend- ants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendants·in error, Charles L. Ritter and the People of the State of Illinois, filed their bill in chancery in the circuit court of Jackson county, against William A. Schwartz and Francis M. Youngblood, plaintiffs in error, and Arretta J. Dobbs and Mary Kessell, for the assignment of dower to said Arretta J. Dobbs and the partition of one hundred and twenty acres of land in that county. Arretta J. Dobbs and Mary Kessell were de- faulted, and the defendants, William A. Schwartz and Francis M. Youngblood, filed a general demurrer to the

bill for want of equity. The demurrer was overruled and said defendants elected to stand by it, whereupon the court entered a decree for the assignment of said dower and the partition of said premises. Commissioners reported that the premises were not susceptible of partition or assignment of dower and appraised their value. The court then entered a decree of sale, reciting that said Arretta J. Dobbs had agreed in writing and elected to take the present worth of her dower in cash and ordering the premises sold for cash, disencumbered of dower. The writ was sued out in this case to review the record of said suit.

It is assigned for error that the court overruled the demurrer, but there is no argument in support of that assignment and the ruling was correct. The bill set out the interests of the respective parties, and showed that the complainant Charles L. Ritter was entitled to have the dower assigned and the premises partitioned. The averments of the bill are, in brief, as follows: Samuel Staton died August 3, 1881, seized in fee of the premises, leaving Arretta J. Staton, his widow, who was afterward married to Newman Dobbs, and his children, Ernest Staton, Samuel Staton, Jr., and Mary Staton, (now wife of Leo Kessell,) his only heirs-at-law. Said widow became entitled to dower, and the said children were each seized of a one-third interest as tenants in common, subject to said dower. Samuel Staton, Jr., died intestate, and his one-third interest was sold and conveyed by his administrator, under a decree of the county court, to the complainant Charles L. Ritter, subject to said dower interest of his mother, Arretta J. Dobbs. Ernest Staton, who was then a minor of the age of twenty years, was indicted for the murder of his said brother, Samuel Staton, Jr., and after his arrest, but before indictment, he conveyed his undivided one-third to defendants, William A. Schwartz and Francis M. Youngblood, attorneys, in consideration that they would render legal services in his defense on

said charge of murder. He was convicted, and judgment was rendered against him for costs in the sum of $344.30. Afterward, while confined in the penitentiary, and being twenty-one years of age, he made a confirmatory conveyance to his said attorneys of said interest. Arretta J. Dobbs released her dower in the share of Ernest Staton conveyed to said attorneys. Execution issued against Ernest Staton for said costs and was levied on the undivided one-third of the premises which he owned at the time of his arrest. The court, in its decree ascertaining and declaring the rights, titles and interests of the parties, found and declared the interest of Schwartz and Youngblood to be subject to the lien of the judgment in favor of the People of the State of Illinois.

The arguments against the decree are, that it does not correspond with the bill and is not supported by it, and that the facts alleged do not authorize the court to subject the share of Schwartz and Youngblood to the lien of the judgment for costs. On the other hand, it is insisted that this court has no jurisdiction and should not consider the errors assigned but should dismiss the writ. Counsel say that the real controversy relates only to the judgment for costs and to the question whether it is a lien or not, and that two of the defendants were defaulted and the others demurred, so that the facts alleged in the bill were not controverted or put in issue, and therefore a freehold is not involved.

In cases of partition the bill or petition must set forth the titles of all parties interested in the premises, and the court, by its judgment, is required to ascertain and declare such titles. If partition is made the title of each co-tenant is transferred to a parcel assigned to him, and if the land cannot be partitioned, a sale transfers the estate and title of all the co-tenants to the purchaser. If the subject of the partition is a freehold estate, a freehold is involved,—and that is the case in this instance. *Carter* v. *Penn*, 99 Ill. 390; *Bangs* v. *Brown*, 110 id. 96.

Several objections are made to the decree on the ground that it does not correspond with the bill. Perhaps the bill is not drawn in the best legal language, but upon reading the whole of it we find it plain enough to be understood, in the meaning we have given it in the above statement. As so understood it is sufficient to sustain the decree.

There is no written consent of Arretta J. Dobbs in the record, and this is made a ground of objection to the decree for sale. That decree recites that she consented in writing and elected to take the present worth of her dower. Whether or not error was committed against her because the paper is not in the files cannot be considered here, for the reason that she has assigned no error and neither Schwartz nor Youngblood is affected by it. They cannot assign for error that which does not in any way affect them but only affects Mrs. Dobbs, who makes no complaint. *Press* v. *Woodley*, 160 Ill. 433.

The time from which a lien for the costs of prosecution is created is fixed by section 15 of division 14 of the Criminal Code, as revised and in force July 1, 1874. That section provides as follows: "The property, real and personal, of every person who shall be convicted of any offense, shall be bound, and a lien is hereby created on the property, both real and personal, of every such offender, not exempt from execution or attachment, from the time of finding the indictment, at least so far as will be sufficient to pay the fine and costs of prosecution." The lien so created is a secret one, which exists only by force of the statute, and by the statute creating it the lien commences with the finding of the indictment. The statute in force prior to 1874 provided that the lien should exist from the time of the arrest if the arrest was before the indictment, but if the arrest did not precede the finding of the indictment it should begin when the indictment was found. It is argued that such prior statute was not repealed by the revision of 1874 because not inconsistent

with such revision. The act of 1874 is entitled "An act to revise the law in relation to criminal jurisprudence," and it is a revision of the entire Criminal Code, intended as a substitute for the previous statute. It creates the lien and fixes the time of its commencement and operates as a repeal of the prior statute. (*Culver* v. *Third Nat. Bank of Chicago*, 64 Ill. 528; *Devine* v. *Commissioners of Cook County*, 84 id. 590.) It is true that said section 15, which creates the lien, also provides that the clerk of the court in which a conviction is had shall, at the end of the term, issue an execution for every fine that shall have been imposed during the term and remains unpaid, and all costs of conviction remaining unpaid, on which execution shall be stated the day on which the arrest was made or indictment was found, as the case may be. It further provides that the officer to whom such execution is delivered shall levy the same upon the property of the defendant possessed by him on the day of the arrest or finding of the indictment, as stated in the execution, and the property so levied on shall be advertised and sold. In cases where an indictment is found, the statute fixes the time when the lien shall commence at the finding of the indictment, and the provision for noting the day of arrest does not apply to such cases. If an indictment is found, the day of finding is to be noted in the execution. The clerk is to state the day of the arrest or the indictment, as the case may be, and the date of arrest must be held to apply to cases where persons are convicted on information in the county court, or where fines or costs are imposed, in cases where there has been no indictment.

We think the court was in error in decreeing the title of Schwartz and Youngblood to be subject to the judgment. For that error the decree is reversed and the cause is remanded, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded.*