MADISON MAGINN

*v.*

ISAAC BASSFORD *et al.*

*Opinion filed April 16, 1902.*

APPEALS AND ERRORS—*franchise not involved in suit to set aside or redeem from conveyance of a patent.* A suit to set aside or redeem from a conveyance of letters patent, in nowise questioning the existence or validity of the patent itself, does not involve a franchise, so as to authorize a direct appeal to the Supreme Court, even assuming that a patent is a franchise, within the meaning of the statute.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

MCCLELLAN & SPENCER, for plaintiff in error.

GEORGE E. WALDO, (ARTHUR F. EVANS, of counsel,) for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill in the superior court of Cook county to set aside, or redeem from, two conveyances of a patent right issued to plaintiff in error by the United States, which conveyances he claimed were in the nature of mortgages. Upon a hearing the court held the first conveyance to be an absolute conveyance of all rights of plaintiff in error in the patent to Bassford, and dismissed the bill for want of equity. From this decree this writ

of error was sued out and the record brought to this court on the ground that the determination of the cause involved a franchise.

Defendants in error insist that a franchise is not involved in this appeal, within the meaning of the statute, and that the writ of error should have been sued out in the Appellate Court. They make the point that a patent is not a franchise, but a mere contract between the inventor and the public, and that even if it is a franchise, the present suit merely relates to the title to the patent as affected by the conveyances, and in no way involves the validity of the letters patent; that the validity or existence of a franchise must be in issue in order that a franchise shall be involved within the meaning of the statute. Admitting, for the sake of the argument, that a patent is a franchise, still it does not necessarily follow that this case is properly before this court. We have held that an action involving the right of certain persons to be or to form a corporation, or questioning the legality of a corporation, or winding up a corporation, involves a franchise; (*People* v. *O'Hair*, 128 Ill. 20; *Hazelton Boiler Co.* v. *Hazelton Tripod Boiler Co.* 137 id. 231; *Drummond Tobacco Co.* v. *Randle*, 114 id. 412; *American Loan and Trust Co.* v. *Minnesota and Northwestern Railroad Co.* 157 id. 641; *People* v. *City of Spring Valley*, 129 id. 169; *People* v. *Cooper*, 139 id. 461; *St. Louis and Sandoval Coal and Mining Co.* v. *Edwards*, 103 id. 472;) and that a franchise is involved when the right of a railroad company to exercise its eminent domain powers under the statute is questioned. (*Chicago and Western Indiana Railroad Co.* v. *Dunbar*, 95 Ill. 571.) It will be noted that in all these cases the existence or validity of the franchise, or the right to the exercise of the franchise, was involved, but in none of them was the mere title to the franchise involved.

Nor is the case of *Rohn* v. *Harris*, 130 Ill. 525, decisive of the question, as counsel seem to think. That was a bill for a partition of a ferry franchise and the land ap-

pertaining thereto, and the Appellate Court said that it was not properly appealed to that court for two reasons: that it involved a franchise and that it also involved a freehold; but placed its refusal to take jurisdiction on the former ground. (*Rohn* v. *Harris,* 31 Ill. App. 26.) This court held that it partook so far of the nature of real estate that it could be partitioned in the same manner as real property. Nothing was said in regard to the question of a franchise being involved.

Nor will the analogy of title to a freehold be conclusive of the question. Franchises differ in their nature from freeholds. The very essence of a freehold lies in the title to the land, for, as Blackstone says, it is the means whereby the owner of lands hath the just possession of his property; (2 Blackstone's Com. 195;) and any action whereby one party does not of necessity lose the title to the land and the other party gain it by the judgment or decree in the cause, or where the title is not put in issue by the pleadings, does not involve the freehold, as we have frequently held. The land itself, which is the subject upon which the title operates, has existed from time immemorial, and in law no question can arise as to the existence of the land, but only as to the title to it. But a franchise is something incorporeal and artificial, created by the will of the sovereign authority, and its very essence lies in its existence,—in the right to exercise it. Whether this right, when its existence is conceded, belongs to A or B in no way affects the franchise as a franchise. A transfer or assignment of the right from A to B would not affect the franchise, unless it were claimed or shown that such transfer was in some way forbidden, so as to affect the very existence of the franchise itself.

State courts have no jurisdiction where a question affecting the validity or infringement of letters patent is directly concerned, but all contracts relating to the conveyance or transfer of patents are within their jurisdic-

tion. The gist of the present suit is to determine the validity and effect of the assignments made of the letters patent, which constitute the subject matter of the litigation. It involves the interpretation of certain documents relating to the letters patent, and in nowise questions the existence or validity of the patent itself. A franchise is not involved, in the contemplation of the statute.

The writ will be dismissed, with leave to plaintiff in error, if he desires it, to withdraw the record, abstracts and briefs for filing in the Appellate Court.

*Writ of error dismissed.*