## William W. Steele, et al., v. James Steele, et al.

### Gen. No. 4,605.

1. PARTITION PROCEEDING—*appeal in, lies to Supreme Court.* In a proceeding to partition real estate a freehold, ordinarily, is involved and an appeal from a decree entered therein should be taken to the Supreme and not to the Appellate Court; where, however, a freehold is not involved in the subject-matter of the appeal, the Appellate Court has jurisdiction.

Partition proceeding. Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1905. Appeal dismissed. Opinion filed November 1, 1905.

MILFORD J. THOMPSON and ORVIS & EDWARDS, for appellants.

COOKE, POPE & POPE, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

Complainants filed their original, amended and supplemental bills in the court below for the partition of real estate, of which they claimed to own an undivided three-fourths. The answers denied that complainants had any title or interest in the premises, and asserted that certain defendants were the owners. The cause was heard before the master, who reported the proofs and his conclusion that complainants had no title. A decree was rendered pursuant thereto, dismissing the bill, from which complainants appeal to this court.

This court has no jurisdiction of an appeal or writ of error which brings in question the existence of a freehold. The parties to a partition suit are bound to set forth their respective titles and to prove them unless admitted. If a partition is made each co-tenant loses his title and interest in every part of the land divided except the tract assigned to him, and as to that tract he becomes the sole owner and the title of his former co-tenants therein is divested. If the land cannot be divided and a sale is had, all the co-tenants lose their estate and title in the land, and receive money in lieu thereof. Therefore a suit for the partition of a freehold estate necessarily involves a freehold, and an appeal from a decree in such a suit must go to the Supreme Court. Carter v. Penn, 99 Ill. 390; Bangs v. Brown, 110 Ill. 96; LeMoyne v. Harding, 132 Ill. 78; Ames v. Ames, 148 Ill. 321; Wilson v. Dresser, 152 Ill. 387; Schwartz v. Ritter, 186 Ill. 209. Jurisdiction of an appeal from or a writ of error to the trial court direct has been frequently taken by the Supreme Court in partition suits without discussion or question. Recent examples of this are Poulter v. Poulter, 193 Ill. 641; Watke v. Stine, 214 Ill. 563; and Gruenewald v. Neu, 215 Ill. 132. The case at bar is stronger than those above cited in that title was expressly denied, and that was the issue tried.

There is a class of suits in partition which do not go directly to the Supreme Court, because the errors assigned do not relate to that part of the decree which involves the

freehold, but relate only to some matter of distribution or of the payment of liens, or to some other matter not involving a freehold. Malaer v. Hudgens, 130 Ill. 225; Fread v. Fread, 165 Ill. 228; Rhodes v. Rhodes, 172 Ill. 187. That is the general rule in any suit involving a freehold where the assignments of error relate entirely to some other matter than the freehold. Franklin v. Loan & Investment Co., 152 Ill. 345; Chicago Steel Works v. Illinois Steel Company, 153 Ill. 9. But this is not such a case.

The appeal is therefore dismissed, with leave to appellants to withdraw their record, abstracts and briefs and with leave to appellees to withdraw their briefs.

*Appeal dismissed.*