JACOB GLOS *et al.*

*v.*

THERESA MURPHY *et al.*

*Opinion filed December 22, 1906—Rehearing denied Feb. 7, 1907.*

1. REGISTRATION OF TITLES—*party cannot predicate error on action he has invited.* Upon application for initial registration of title, where two tax deeds are sought to be set aside, if the examiner finds the first tax deed to be void but recommends re-imbursement of the defendant thereunder as a condition precedent to registering title, but the defendant objects, insisting that such deed is valid, he can not complain that the applicant dismisses his application as to the first tax deed and takes a decree, which leaves such deed beyond the scope of the litigation.

2. SAME—*party cannot complain of harmless amendments.* Defendants to an application for initial registration of title cannot complain of amendments of the application merely changing the averments as to the respective interests of applicants in the title, nor can they complain that they were refused leave to amend their answers where such answers fully meet the averments of the application as amended and present every defense that could arise under the evidence, and where they make no showing of any material additional matter they desired to incorporate in the amended answers.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

JACOB GLOS, *pro se,* (JOHN R. O'CONNOR, of counsel, and for plaintiff in error EMMA J. GLOS.)

J. KENT GREENE, for defendants in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

Defendants in error, on September 23, 1903, applied to the circuit court of Cook county seeking registration of their title to a certain lot in that county under the "Act concerning land titles." Jacob Glos and Emma J. Glos, plaintiffs in error, were made defendants, the application stating that they were interested in the property through, and by virtue

of, an "alleged tax claim." To the application as amended the plaintiffs in error answered, claiming title to the realty. The cause was referred to Theodore Sheldon, examiner of titles. He took the evidence and made a report finding title in fee simple in defendants in error; finding that Jacob Glos was the holder of two tax deeds, the first of which purported to convey to him the east vigintillionth of the lot and the second of which purported to convey to him the entire lot; that after the execution of the first tax deed and before the execution of the second tax deed Jacob Glos conveyed the property to Emma J. Glos by quit-claim deed; that both of the tax deeds were void; that the amount necessary to reimburse plaintiffs in error for expenditures on account of the first tax deed, which apparently conveyed the east vigintillionth, was $449.01, and on account of the second tax deed, which apparently conveyed the entire lot, was $9.90, and that applicants were entitled to registration upon the payment of the aggregate of said sums to or for the use of plaintiffs in error. Plaintiffs in error filed objections to this report, which were overruled, and afterward, by the order of the court, these objections were made to stand as exceptions.

Upon the filing of the examiner's report, on July 16, 1904, and after the objections had been ordered to stand as exceptions, defendants in error dismissed their application as to the east vigintillionth of the lot, again by leave of court amended their application, and the answers of plaintiffs in error were ordered to stand to the application so amended. Defendants in error paid into court the amount necessary to make reimbursement for the expenditures under the second tax deed, being the deed purporting to convey the entire lot, and on July 29, 1904, a decree was entered finding title to the lot, except the east vigintillionth thereof, in defendants in error in fee simple and awarding registration. On August 1, 1904, the court entered an order *nunc pro tunc* as of July 16, 1904, refusing leave to the plaintiffs in error to answer the application as that day, July 16, 1904,

amended. Jacob Glos and Emma J. Glos bring the record to this court for review by writ of error.

It is objected that the court erred in permitting a dismissal of the application as to the east vigintillionth of the lot, whereby applicants were enabled to have their title registered to the remainder of the lot without making reimbursement for the expenditures made under and by virtue of the tax deed which purported to convey that fraction of the property. Plaintiffs in error concede the general rule to be that a complainant, in the absence of a cross-bill, may dismiss his bill whenever he sees fit, at any time before final decree, but insist that this case comes within an exception to that rule, which, with varying scope, has been recognized and acted upon by many courts of appellate jurisdiction. *Wilcoxon* v. *Wilcoxon,* 111 Ill. App. 90, and cases there cited; *City of Detroit* v. *Detroit City Railway Co.* 55 Fed. Rep. 569; *Pullman Palace Car Co.* v. *Central Transportation Co.* 171 U. S. 138.

At this time there is no occasion for us to consider the question of the existence of this exception or to determine its scope, for the reason that if the circuit court erred in this respect,—and we do not intimate that it did,—it was an error which Jacob Glos and Emma J. Glos themselves invited. The examiner found that the deed to the east vigintillionth of the lot was void, and recommended that the plaintiffs in error be reimbursed for their expenditures made on account of that deed as a condition precedent to the registration of the title in defendants in error. To this plaintiffs in error objected and excepted, because, as they said, that deed was not void. Defendants in error and the court took them at their word, and by the dismissal set that deed, and the land it purported to convey, without the scope of the litigation, thereby making effectual the objection and exception just mentioned. Plaintiffs in error cannot now be permitted to successfully attack that action of the court. *Smith* v. *Kimball,* 128 Ill. 583.

It is urged that the amendments should not have been permitted. These amendments merely changed the averments of the application in reference to the interest which each of defendants in error had in the title. They did not in any way alter the language of that pleading in regard to the interest which Jacob Glos or Emma J. Glos, or either of them, owned or claimed to own in the property. Plaintiffs in error were entirely unaffected by the amendments. They were not harmed thereby, and cannot question the orders permitting the amendments for that reason. *Schwartz v. Ritter,* 186 Ill. 209.

Plaintiffs in error complain that they were not permitted to answer anew the application after the last amendment, but that their answers to the application as first amended were ordered to stand to the application as last amended. As we have pointed out, neither of these amendments changed in anywise the averments of the pleading so far as it was directed against Jacob Glos and Emma J. Glos. Their motion for leave to file answers to the application after it was last amended stands precisely on the same basis that it would had they applied for leave to file amended answers to the application before it was last amended. Their motion was not in writing, and does not disclose in what respect, if any, the answers they desired to file would have differed from the answers already on file. The answers which were ordered to stand to the application as last amended fully meet every averment of the application so amended and present every defense that could arise upon the evidence taken. In the absence of any showing by plaintiffs in error of any material matter which they desired to incorporate or could have incorporated in the proposed answers which was not already embodied in the answers upon which the cause was tried, we will not reverse the decree on account of the refusal of the court to permit the filing of amended or further answers.

The decree of the circuit court will be affirmed.

*Decree affirmed.*