**Abraham Bernstein et al., Defendants in Error, v. Chicago, Indianapolis & Louisville Railway Company, Plaintiff in Error.**

## Gen. No. 14,349.

1. APPEALS AND ERRORS—*what not subject to review.* A party at whose instance an error is committed cannot afterwards complain of that error in a court of review.

2. EVIDENCE—*when failure to make particular proof not open to complaint.* If a party seeks to introduce particular evidence and is prevented from so doing by the objection of the opposite party, such opposite party cannot thereafter raise the question of the absence of such evidence.

Tort. Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed March 9, 1909.

**Statement by the Court.** Bernstein & Wolf brought suit in the Municipal Court against the Chicago, In-

dianapolis & Louisville Railway Company, plaintiff in error, and another railway company, for $308.25, but dismissed as to the other company. Thereafter a judgment was rendered against plaintiff in error, for the amount sued for. This writ of error is prosecuted to reverse that judgment. The suit is to recover damages for injuries to certain furniture, sustained in transit, consigned from Drexel, North Carolina, to Bernstein & Wolf, in Chicago. Plaintiff in error is a common carrier.

It appears that when the furniture, a carload, arrived in Chicago, one Essig, a driver for Bernstein & Wolf, went to the freight depot for it. Upon looking through the car he found, as he says: "The goods were all broken up and in bad condition, and I refused to take the goods." But he telephoned his employers and they sent Geiger, one of their salesmen, down to the freight depot. Essig, Geiger and a general clerk of the plaintiff in error then arranged that Essig would take the furniture and that the yardmaster of the railway should be present and check up or note what was broken. In that manner the furniture was received by Bernstein & Wolf and it was carted to their warehouse. Essig signed and delivered to the yardmaster, Kopsell, a paper, spoken of as a receipt, as follows:

"8-9-06.
Car No. 16450                    Initials—SOW
                                       8-2-06
Track No. Low Ky.              Seals E............W............
Consignee W. B. X. 105 Pro 596
Contents Bernstein & Wolf.
No. and Description.    Date      Signature.
# 1 car C        Furniture.
# 40 Dressers marred more or less
# frames broken
            W. W. 8/11/06.
            Lay in car the same.
Remarks:                         A. Essig.
                                       Rep. 8/22/06."

Mr. Bernstein testified that McNiff, claim agent for plaintiff in error, told him to have the furniture repaired and to send the company the bill. He testified, also, that he talked with Mr. Clayton, contracting agent for plaintiff in error, at the company's office. As to him he said: "I asked him what to do with the goods; whether I should load the car and send it back, and he told me I had better have it fixed up and send the bill to the company to be paid." Mr. McNiff testified on behalf of plaintiff in error and denied having had any conversation with Bernstein in regard to repairing the furniture. He testified, also, that Clayton, who was an outside solicitor of freight, had no authority in respect to the matter and that he, McNiff, had not sent Clayton to see Bernstein and did not know how it happened that Clayton had at one time called on Bernstein. He also stated that the claim might have gone through somebody else's hands.

Defendants in error introduced in evidence a receipt for repairing the furniture as follows:

"10/15/06.

Repairing done on Drexel Furniture Company's dressers for Bernstein & Wolf:

| 33 dressers, | at | $3.50 | $115.50 |
|---|---|---|---|
| 24 " | " | 2.75 | 66.00 |
| 22 " | " | 2.25 | 49.50 |
| 17 " | " | 1.50 | 25.50 |
| 37 " | " | 1.25 | 46.25 |
| 11 " | " | .50 | 5.50 |
| | | | $308.25 |

Paid in full

SAM BLOOM,
Per D. S.

Stamped:
Claim
139900
C I & L Ry."

Bernstein testified he paid the amount of the bill

$308.25 for the repairing of the furniture and that he was constantly having furniture repaired and knew what was the fair, reasonable and customary price for repairing furniture in Chicago. The attorney for defendants in error asked the question: "What was a reasonable price to repair that furniture?" To this question an objection was interposed by the attorney for plaintiff in error and the court sustained the objection. The witness then testified that the broken furniture, before the repairing thereof, was worth $500. The evidence shows the market value of the furniture, on July 21, 1906, when it was shipped to Bernstein & Wolf, was $1,106.10. It also appears that at the time the furniture was unloaded from the car all the pieces were wrapped in paper and were not unwrapped. Essig testified his receipt was correct and right. It is not disputed but what the furniture was damaged.

G. W. KRETZINGER and L. L. SMITH, for plaintiff in error.

BLUM & BLUM, for defendant in error.

MR. JUSTICE CHYTRAUS delivered the opinion of the court.

Plaintiff in error contends that there is an attempt to increase and magnify the damages; that a less number of articles were injured than claimed and that the amount claimed to have been paid out for repairs, upon furniture injured, was not shown to be reasonable or necessary.

As to this last mentioned contention, it it true, as a general proposition, that it was incumbent upon defendants in error to prove that they paid, for repairing or restoring the broken furniture, no more than a reasonable price, at the time in question, for doing such work. But the consequences of improperly objecting are frequently as grave as those of failing to properly object. It is well established that the party

at whose instance an error is committed cannot afterwards complain of that error in a court of review. McKinnie v. Lane, 230 Ill. 544; Smith v. Kimball, 128 Ill. 583; Oliver v. Oliver, 179 Ill. 9; Conness v. I., I. & I. Ry. Co., 193 Ill. 464; Glos v. Murphy, 225 Ill. 58. Parties are estopped, on review, by taking a position in the trial court. Ch. Term. R. R. Co. v. Schmelling, 197 Ill. 625. The attorney for defendants in error sought to prove the reasonable price of repairing the furniture in question and, at the very initial question on that line of evidence, the attorney for the plaintiff in error objected and the court sustained the objection. The attorney for the defendants in error then did the next best thing by showing the value of the furniture as it was before being damaged by the negligence of plaintiff in error and, also, its value after it was damaged but before it was repaired. This showed the injuries thereto to have lessened its value by $606.10—much more than the repairing cost. Plaintiff in error has no just cause of complaint because defendants in error did not show that the amount paid out for repairs was reasonable, the necessity for paying out something is uncontroverted, and, furthermore, plaintiff in error, by its objection, is estopped from urging the error committed, as a ground for reversal.

We cannot, upon the evidence herein, say that there was any attempt to increase or magnify the damages. True the receipt given by Essig, the driver, mentions forty as the number of dressers "marred more or less", and the receipt for the repairing shows 144 dressers as having been more or less injured and repaired. We cannot consider such a receipt as the one here in question, given under the circumstances here shown, as conclusive upon Bernstein & Wolf, by way of estoppel. It was, undoubtedly, entitled to some weight as evidence. But there is evidence in this case both lessening the weight of that receipt as evidence

and controverting it as to the number of pieces injured.

The inspection of the furniture, wrapped up in paper, at the time of the unloading, is not shown to have been so close as to have disclosed injury to all pieces that were injured. The particular number cannot be considered established merely by the introduction of the receipt by Essig. The injury to many pieces does not appear to have been very great.

We find no reason for disturbing the judgment of the court below. The judgment is affirmed.

*Affirmed.*