HOWARD T. FOULKES et al. Appellees, vs. JACOB GLOS
et al.—(M. E. MATHER et al. Appellants.)

*Opinion filed February 16, 1916—Rehearing denied April 7, 1916.*

1. REGISTRATION OF TITLE—*what sufficient to show that premises were unoccupied.* Testimony of a witness that he was familiar with the premises at the time the application to register title was filed, that they were in the same condition at that time as when he gave his testimony, that they were vacant and without improvements or buildings, and that he went to the premises with a plat and a surveyor and located the boundaries, is sufficient to show that the premises were unoccupied.

2. SAME—*applicant may elect to disregard a tax deed to one-vigintillionth of a lot.* If the applicant for initial registration of title seeks to set aside a tax deed to one-vigintillionth of a lot he must reimburse the holder of the tax deed, but as such tax deed constitutes no cloud on the title, in a legal sense, he may elect to disregard the tax deed and not include it in his application.

3. SAME—*right of applicant to dismiss petition as to a portion of premises.* If an application to register title covers several lots and seeks to set aside several tax deeds, one of which covers the "east one-vigintillionth part" of one of the lots, the applicant may, when the defendants answer denying the invalidity of the tax deeds, dismiss the application as to the east one-vigintillionth of the lot and proceed to a decree leaving such portion out.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

JOHN A. McKEOWN, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellees, on March 19, 1915, filed their application in the office of the clerk of the circuit court of Cook county to register the fee simple title to lots 1 and 8 in George S. Siddon's subdivision of lot 13, in block 7, of Stave & Klemm's subdivision of the northeast quarter of section 25,

township 38, north, range 14, east of the third principal meridian, in said county, alleging that the land was not occupied, and that appellants, M. E. Mather and E. J. Mather, and others named, had some interest or claim derived through and under tax deeds originally issued to Jacob Glos, which tax deeds are illegal and void. The cause was referred to Edgar H. Parnell, an examiner of titles, to take the evidence and report the same, with his conclusions. Evidence was taken on behalf of the applicants, and Jacob Glos, M. E. Mather and E. J. Mather, defendants to the application, filed their entries of appearance and answers before the evidence was closed, and set up in their answers, among other things, that they were the owners of the premises and denied their title was invalid. After those defendants had answered, the applicants dismissed the application as to the east one-vigintillionth of the premises in controversy. It appears from a plat offered in evidence that lot 8 is in the southeast corner of original lot 13 and fronts on Seventy-fifth street near Jeffery avenue, in the city of Chicago, and is 118 feet long north and south and 40.42 feet wide. Lot 1 is immediately north of lot 8, and is 180.48 feet long north and south and 40.45 feet wide. It further appears that two of the tax deeds issued to Jacob Glos conveyed to him the east one-vigintillionth part of said lot 13. He also had other tax deeds to the whole of lots 1 and 8. He had conveyed lots 1 and 8 to appellants, M. E. Mather and E. J. Mather, before the application was filed. The examiner made his report, finding that the applicants were the owners of the premises, subject to a dower interest and certain other liens that are not in controversy, and recommended that a decree be entered registering their title, except the east one-vigintillionth, as prayed, upon reimbursing the holders of tax titles under and through the tax deeds to the whole of said lots 1 and 8, which amounts were found from the evidence of the defendants, but not recommending reimbursement to the holders of the tax title un-

der the deed for the east one-vigintillionth of said lots. Exceptions were filed by E. J. Mather and M. E. Mather · to the examiner's report, which were overruled and were ordered to stand as exceptions.  On a hearing before the court the exceptions were overruled and a decree was entered registering title as prayed to the premises in controversy except the east one-vigintillionth part thereof.  M. E. Mather and E. J. Mather have appealed.

Numerous errors have been assigned upon the record, but the only errors argued and relied upon for reversal of the decree are:  (1) That there is no evidence showing the condition of the property at the time the application was filed.; (2) that the court erred in dismissing the application and in failing to require reimbursement for the amount expended by the holders of the deed to the one-vigintillionth interest.

As to the first point, one of the applicants, H. T. Foulkes, testified that he knew the location of the property; that it was vacant and that there were no improvements or buildings on it; that he was familiar with the premises at the date of filing the application, and that they were in the same condition at the time of filing the application as they were when he gave his testimony.  On cross-examination he testified that he went down to the lots on the third day of August, 1914, having a plat of the premises taken from the county records and accompanied by a surveyor, and located the boundaries of the lots; that he had been out to the lots once since, on June 1, 1915, the day on which he testified; that there were no fences in the vicinity of the lots; that the nearest buildings were a flat-building fronting on Jeffery avenue, about 300 feet from the lots, and an old house about 300 feet east of them.  It is necessary to show the condition of the premises as to being vacant or occupied, (*Jackson* v. *Glos,* 243 Ill. 280,) but it is apparent from the evidence that the premises in question were vacant and that it was necessary to get a plat and surveyor

and take measurements to ascertain their boundaries, and we think the evidence was sufficient to show that the premises in question were vacant at the time the application was filed. *Miller* v. *Glos,* 271 Ill. 285.

As to the second point, the same question was decided adversely to the contentions of the appellants in *Glos* v. *Murphy,* 225 Ill. 58, in which the court held that upon an application for initial registration of title, where two tax deeds are sought to be set aside, if the examiner finds the first tax deed to be void but recommends reimbursement of the defendant thereunder as a condition precedent to registering title, but the defendant objects, insisting that such deed is valid, he cannot complain that the applicant dismisses his application as to the first tax deed and takes a decree which leaves such deed beyond the scope of the litigation. The reasons and authority for the decision in that case are fully set out in the opinion and it is not necessary to repeat them here.. Substantially the same thing was done in the case at bar as was done in that case, and we could not reverse the case at bar without overruling that case, which we are not inclined to do. In *Jackson* v. *Glos, supra,* it was held that a tax deed purporting to convey one-vigintillionth of a lot is not, in a legal sense, a cloud upon title and may be disregarded by the owner of the legal title, but if the latter comes into court and asks to have the tax deed removed as a cloud upon his title, it is error to decree such removal without reimbursement to the holder of the tax deed. As stated in the opinion in that case (p. 283) : "The appellee might have disregarded the tax deed to so small a portion of the lot, which was not susceptible of possession by the holder of the tax deed, as not constituting a cloud upon her title or interfering with the beneficial enjoyment of the premises, but she did not do that. On the contrary, she alleged the invalidity of the deed and asked to have it removed; and she was required, as a condition of

such removal, to reimburse the holder of the tax title." In this case appellees did choose to disregard the tax deed to one-vigintillionth and amended the application to leave such portion out.

The decree of the circuit court will be affirmed.

*Decree affirmed.*